WASHINGTON NATIONAL BANK, complainant and appellant,

*v.*

DAVID C. BEATTY and GEORGE McCLELLAN BEATTY, defendants and respondents.

[Argued November 26th, 1909.    Decided June 21st, 1910.]

1. The statute relating to fraudulent conveyances extends its protection to all persons having a valid cause of action or suit for damages arising from torts as well as from contracts, but a tort claimant, to be entitled to the protection of the statute, must reduce his claim to judgment. When his claim has thus been established, a conveyance made after the liability accrued and before suit may be set aside, on the theory that such judgment, when once obtained, relates back and becomes a debt as of the time when the original cause of action accrued, thus constituting him an existing creditor.

2. A voluntary conveyance is void by force of the statute with respect to existing debts. When attacked by a subsequent creditor, fraud as a fact must be proven. It must be shown that the conveyance was intended to defraud some creditor either existing or subsequent. If the conveyance be thus shown to be fraudulent it may be set aside at the instance of any creditor existing or subsequent. It is not necessary for the subsequent creditor to show that the deed was made with the intent to defraud such persons as should, subsequent to its date, become creditors of the grantor, overruling on this point *Gardner* v. *Kleinke*, *46 N. J. Eq. (1 Dick.) 90;* explaining and following *Hagerman* v. *Buchanan*, *45 N. J. Eq. (18 Stew.) 292.*

On appeal from a decree of the court of chancery advised by Vice-Chancellor Howell, whose opinion is reported in *75 N. J. Eq. (5 Buch.) 483.*

*Mr. Oscar Jeffery,* for the appellant.

*Mr. Elmer King,* for the respondents.

The opinion of the court was delivered by

DILL, J.

This appeal from the court of chancery brings up for review a judgment dismissing the bill in a creditor's action to set aside

a voluntary conveyance of real estate. The bill charges the transaction as being "in violation of the statute entitled 'An act for the prevention of frauds and perjuries,' approved March 27th, 1874."

There is no element in the case, either by way of pleading or proof, that the complainant bank gave any credit to the defendant relying upon his ownership of the property in question. The answer, denying the material allegations of the bill, specifically raises the issue that the firm of commission merchants, hereinafter referred to, were not, at the time of the conveyance or subsequently, creditors of the defendant within the purview of the statute.

The essential facts of the case are within a narrow scope.

In 1894 David C. Beatty, a farmer, consigned certain farm produce to a firm of commission merchants in New York. They failed to remit the proceeds.

Beatty, in his wrath, exposed to public view a card on which he had written "All fruit shippers beware of" (naming the commission merchants). "They are damned frauds."

Two days later the commission merchants wrote, threatening to sue him for $100,000 damages. This so alarmed the farmer that he put his property out of his hands, transferring the farm which he owned and the mortgages he held on another farm to his son, without consideration, and at once duly recorded the conveyances. The complainant offered no evidence to controvert Beatty's statement that the commission merchants were frauds in that they converted to their own use proceeds due him. The case shows affirmatively that the commission merchants never did more than to threaten Beatty, and never proceeded, in any way, to establish the verity of their claim for damages, never sued him and never obtained any judgment against him, but were content to let the matter stand in *statu quo* until the statute of limitations had intervened. Admittedly, Beatty made the transfer for the purpose of making himself judgment-proof against these commission merchants, if they should sue him and if the judgment should go against him.

There is no evidence of any other claims or debts against Beatty.

The bank, which was not organized until five years after the conveyance by Beatty, obtained a judgment against him on an accommodation note twelve years after the transfer, and to collect this judgment it now seeks to set aside the deed.

The vice-chancellor below dismissed the bill, holding: *First,* · that, under the evidence, the commission merchants whose threat to bring suit induced the transfers were, within the meaning of the statute of frauds, creditors at the time the transfers were made, and that the deeds were fraudulent as to them; *second,* that a conveyance made for the purpose of defrauding a single existing creditor is not void as against subsequent creditors, the incurring of the debts to whom was not within the contemplation of the debtor at the time when the conveyance was made.

We concur in the action of the vice-chancellor in dismissing the bill, but not with his conclusions of law.

Taking them in their inverse order, the first legal question is whether a creditor whose debt is contracted subsequent to the execution of a deed, which is fraudulent as against a single existing creditor, in order to have such deed set aside, must show not only that the deed was fraudulent as to such existing creditor, but also that it was made with intent to defraud such persons as should, subsequent to its date, become creditors of the grantor. The vice-chancellor held to the affirmative of this proposition, relying to some extent upon the statement of Vice-Chancellor Pitney in *Gray* v. *Folwell, 57 N. J. Eq. (12 Dick.)* . *446* (at *p. 456*), and following the rule laid down by Vice-Chancellor Van Fleet in *Gardner* v. *Kleinke, 46 N. J. Eq. (1 Dick.) 90.*

In our judgment the rule laid down by Vice-Chancellor Van Fleet in *Gardner* v. *Kleinke, supra,* and the holding of the vice-chancellor in this case below, in accordance therewith, were erroneous.

The effect of the statute is to make a voluntary deed fraudulent as against existing creditors, without regard to the intention with which it was executed. It is fraudulent in law. This was settled in 1879 by this court in *Haston* v. *Castner, 31 N. J. Eq. (4 Stew.) 697.* .

The effect of a voluntary conveyance upon the rights of subsequent creditors was decided by us in 1889. *Hagerman* v. *Buchanan, 45 N. J. Eq.* (*18 Stew.*) *292.*

It is true that it was considered by the court of chancery in *Gardner* v. *Kleinke, supra,* that *Hagerman* v. *Buchanan* established the principle that a subsequent creditor was not entitled to have a voluntary conveyance set aside unless he could show that it was made with intent to defraud such persons as should, subsequent to its date, become creditors of the grantor.

The following language of Mr. Justice Reed, in the opinion, was cited by Vice-Chancellor Van Fleet as requiring that conclusion: "A voluntary settlement can be attacked by a subsequent creditor only upon the ground of the existence of an actual intent in the mind of the parties, at the time of the execution of the conveyance to hinder, delay or defraud creditors by means of the deed." But the citation does not justify the conclusion. In fact, it declares that the test is an actual intent in the mind of the grantor to defraud creditors—not subsequent creditors alone, but any creditors; and that this is the principle intended to be established by that decision is made plain by the subsequent language of the opinion where Mr. Justice Reed, speaking of subsequent creditors, says: "An actual fraudulent intent to defraud some creditors must be proved."

The true rule is that when a conveyance is attacked by a subsequent creditor, the question to be determined is whether the conveyance was fraudulent.

The question is the same when attacked by an existing creditor; the only difference is the method of proof. When an existing creditor attacks the conveyance, and shows that his debt was incurred before, and was existing at the time when the conveyance was made, the law, without further proof, raises a conclusive presumption of fraud so far as that creditor is concerned.

When, however, the conveyance is attacked by a subsequent creditor, he must prove fraud as a fact—that is, "an actual fraudulent intent to defraud some creditor." By some creditor is meant any creditor, either existing at the time when the conveyance is made or subsequently. If this be shown, the conveyance is proven to be fraudulent, and it may be set aside at the

instance of any class of creditors, without regard to the time when the debt came into existence.

The next question is whether, under the evidence, the commission merchants, who asserted the claim for damages upon an alleged liability, were proven to be existing lawful creditors or other persons named in the statute entitled to set aside the conveyance as fraudulent against them.

It was necessary for the bank, as a subsequent creditor, to prove —*first,* a voluntary conveyance; *second,* an existing creditor or other person having a lawful claim or debt within the meaning of the statute; *third,* an actual intent on the part of the defendant by means of the deed to delay or hinder some creditor, existing or subsequent.

Conceding that an actual intent on the part of the defendant to defeat any judgment which the commission merchants might have obtained is proven, the question still remains whether they come within the purview of the statute.

The rule, both in England (*Twyne's Case, 3 Coke 82*) and in this state, is, that the statute extends its protection to all persons having a valid cause of action arising from torts as well as from contracts. *Boid* v. *Dean, 48 N. J. Eq. (3 Dick.) 193; Post* v. *Stiger, 29 N. J. Eq. (2 Stew.) 554; Scott* v. *Hartman, 26 N. J. Eq. (11 C. E. Gr.) 89; Thorp* v. *Leibrecht, 56 N. J. Eq. (11 Dick.) 499.*

Nevertheless, a tort claimant, to place himself in the position of a lawful creditor or person competent under the statute to set aside a voluntary conveyance, must reduce his claim to judgment, and thus establish a legal debt against the fraudulent grantor. When his claim has thus been liquidated and established as a lawful debt, he may attack a voluntary conveyance made after the liability arose and before suit was brought, to defeat his debt, on the theory that such judgment when once obtained relates back and establishes a debt as of the time when the original cause of action accrued.

The complainant failed to bring this case within the rule that if after a person has incurred a liability for a tort, and before suit brought upon it he makes a voluntary conveyance or settlement of his property, and judgment afterwards goes against

him for the tort, the conveyance is void as against that judgment. See *Boid* v. *Dean, 48 N. J. Eq. (3 Dick.) 193* (at *p. 203*).

A subsequent creditor who attacks a voluntary conveyance as in fraud of a person at the time of the conveyance claiming damages based on the tort of the grantor, must make legal proof of the verity and legality of the claim. See *Baker* v. *Gilman, 52 Barb. (N. Y.) 26.*

A judgment in favor of the claimant and against the tort-feasor would be conclusive evidence. What further or other proof would be equivalent thereto, we are not called upon in this case to decide, for the complainant, upon this point, offered no evidence.

The verity of the claim of the commission merchants has not been established by any judgment or competent proof, and the complainant bank therefore failed to prove that the commission merchants were lawful creditors or other persons within the meaning of the statute, the intent to defraud whom would vitiate the conveyance.

As against claims and demands, the verity of which is never established by any judgment or competent proof, the statute does not forbid conveyances or assignments or declare them to be void.

Therefore, upon the ground stated in this opinion, the judgment of the court below dismissing the bill of complaint is affirmed.

*For affirmance*—THE CHIEF-JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH, VROOM, GRAY, DILL, CONGDON—14.

*For reversal*—None.