EDWARD G. VAIL, JR., complainant,

*v.*

ISRAEL DIAMOND, defendant.

[Decided November 2d, 1923.]

1. A recognizance given in a suit not criminal in a county court does not bind land in another county even when a certified copy of the recognizance is filed and recorded in the county where the land lay.

2. A writ of attachment binds only land owned by the defendant in attachment, and does not affect land conveyed by him before the writ was issued, though the deed was not recorded prior to the levy.

3. Where land was conveyed by a father to a son for the purpose of enabling the son to qualify as a surety, and immediately reconveyed by the son to the father, this is a palpable fraud on the son's creditors which equity will set aside upon bill filed for that purpose.

---

On final hearing.

*Messrs. McCarter & English (Mr. George M. McCarter),* for the complainant.

*Mr. John A. Bernhard,* for the defendant.

BACKES, V. C.

This is a bill to quiet the title to land in Union county. By deed dated August 4th, 1920, recorded August 9th, 1920,

the complainant conveyed the land to his son, Clinton E. Vail, for the purpose of enabling the son to qualify as surety on a recognizance for $5,000, given August 9th, 1920, by Herman Bartsch to the defendant herein, Israel Diamond, in a suit for fraud brought by Diamond against Bartsch in the Essex county circuit court. The suit went to judgment in favor of Diamond for $8,000, and Bartsch and his surety defaulted on their recognizance. On the same day that the complainant conveyed the land to his son, the son made a reconveyance thereof to his father, but the deed was kept off record until June 21st, 1921.

A certified copy of the recognizance was filed and recorded in the clerk's office of Union county January 11th, 1921.

On April 4th, 1921, Diamond brought an action in attachment in the supreme court against Clinton E. Vail, the surety, based on the debt established of record by the recognizance, and the sheriff of Union county levied upon the land. An auditor was appointed, judgment was duly entered and upon an order to sell dated September 24th, 1921, the auditor, after proper advertisement, struck off and sold the land to the defendant, Diamond, and conveyed it to him by deed, which was recorded December 22d, 1921.

1. The defendant, Diamond, has no claim by virtue of the recognizance. By the recognizance Clinton E. Vail pledged his land and subjected it to a lien to the amount of the bail, enforceable by *scire facias* in the suit in which it was given. The pledge or lien attached only to land within the jurisdiction of the circuit court, and which that court could enforce by its own process. *State* v. *Stout, 11 N. J. Law 124; 11 N. J. Law 362.* The certified copy of the recognizance filed and recorded in Union county is a nullity. I have searched and have not found any statute authorizing the filing of a recognizance in a foreign county and thereby imposing a lien upon land. There is a statute to that effect but it applies only to bail in criminal cases. *Comp. Stat. p. 1828 § 25.*

2. The defendant, Diamond, took nothing in the nature of a legal estate in the land by his attachment and the sale and conveyance to him by the auditor, because at the time the writ was served (April 14th, 1921) Clinton E. Vail, the defendant therein, had, before that time, conveyed the land to his father. The levy of an attachment binds the property and estate of the defendant in attachment only; not property previously conveyed by him. That the deed was unrecorded at the time of service is immaterial. Our Conveyance act (*Comp. Stat. p. 1553 § 54*) does not give priority to an attachment over a previous but unrecorded deed. *Garwood v. Garwood, 9 N. J. Law 193; Campion v. Kille, 14 N. J. Eq. 229; 15 N. J. Eq. 476; Brink v. Flannagan, 87 N. J. Eq. 630.* While the defendant, Diamond, has no legal estate in the land, yet I think he has an equitable interest which he can perfect and set up. The immediate reconveyance to the father by the son after the father conveyed the land to the son to qualify him as surety was such a palpable fraud that equity will set it aside, as was done in *Bourgeois v. Risley Real Estate Co., 82 N. J. Eq. 211.* The recognizance was in contemplation. A voluntary conveyance given in anticipation of becoming indebted is fraudulent. *Beekman v. Montgomery, 14 N. J. Eq. 106; Mellon v. Mulvey, 23 N. J. Eq. 198; City National Bank v. Hamilton, 34 N. J. Eq. 158.*

I will hold the cause to enable the defendant, Diamond, to file his bill to set aside the conveyance and to set up the facts by a supplemental answer. Twenty days will be given for that purpose.