This is a motion for a preliminary injunction, heard upon a creditor's bill and affidavits.
The suit is predicated upon a promissory note, made by the defendant Jacob Blumberg on November 18th, 1922, and due four months thereafter, which was discounted by the complainant. The note was dishonored at maturity and there is said to be due thereon, with accumulated interest, $34,880. The bill alleges that almost four years earlier the said defendant, on October 9th, 1918, delivered to his wife, Bessie Blumberg, another defendant, the sum of $141,940.37, as a voluntary gift, although it is charged that the beneficial interest therein still resides in him, and his wife is, in truth, a mere trustee holding the money for the purpose of defrauding his creditors. The interest upon this fund was credited to the account of the husband at his direction and not, as would be expected in the case of a bonafide gift, to the account of his wife. That his said wife, acting for Blumberg, purchased certain stock in the Washington Piece Dyeing and Finishing Company, in her name but for his benefit, for the sum of $75,000, which price was paid out of the funds delivered by him to her as aforesaid. That she also, under the same arrangement and out of the same fund, purchased for $10,000 stock of the G. B. Realty Company. That, subsequently, a stockholder in these same companies purchased the stock so held by the Blumbergs for the sum of $183,000, and, in payment therefor, delivered to Bessie Blumberg three checks, totaling $60,000, and a mortgage on the plant of the Washington Piece Dyeing and Finishing Company for $123,000. *Page 272 
On May 8th, 1924, complainant caused to be issued out of the Passaic Circuit Court a writ of attachment for $34,880, the amount of the note it holds, with interest, by virtue of which writ there have been attached the said mortgage and checks. A claim of property has been filed with the sheriff under the said writ by the Old Comfort Building and Loan Association, a corporation of the State of Pennsylvania, as to two of the said checks, and a like claim made as to the remaining check by the Independent Realty Company, also incorporated in Pennsylvania, which claims were made after the attachment aforesaid, and are charged to have been made by the said Blumbergs and to be without consideration. The defendant Bessie Blumberg has made a like claim as to the said mortgage, and the sheriff had set the claims down for trial on June 13, 1924, but has been restrained in this suit for holding such trial.
In the June term of 1919, Jacob Blumberg was indicted in the eastern district of Pennsylvania for defrauding the United States of America on two certain income tax returns for the year ending December 31st, 1917, and which were sworn to by him in March, 1918. Subsequently, he was convicted on the trial of the indictments.
The defendant Jacob denies that the transfer of his funds to his wife was in fraud of creditors, but maintains that a large part thereof was her money which she had earned in the business they carried on by their joint efforts, and undertakes to explain the various suspicious facts that appear, such as the foregoing, his election to the directorate of the companies already mentioned, the salaries that he drew therefrom, and the reason for the claims of property already mentioned. There are also filed affidavits by officers of those companies as well as Bessie Blumberg, undertaking to substantiate the claim of bona fides
in her transactions with her husband and the other defendants. The bill and affidavits allege that the defendant Jacob was an officer and director of the claimant companies and generally active in their behalf, as would be the case of one who had purchased interests therein with his money but in his wife's name. In fact, he now has *Page 273 
a large claim for arrears of salaries in this connection. Without entering upon a exhaustive analysis of their contents, I think it is sufficient to say that they do not fairly meet the allegations contained in the bill and its supporting affidavits. Strong and cogent proofs are required to clear away the very powerful primafacie case of fraud made out by the complainant.
The defendants rely upon the opinion written by Judge Dill inWashington National Bank v. Beatty, 77 N.J. Eq. 252. In that case the defendant, fearing an action for libel, conveyed all his property to his son. The court of errors and appeals, in reversing the decree of this court dismissing the bill, overruled Vice-Chancellor Van Fleet's application of Hagerman v.Buchanan, 45 N.J. Eq. 292, in the case of Gardner v.Kleinke, 46 N.J. Eq. 90. They say that when a conveyance is attacked the question to be determined is the same whether the attack be by an existing or a subsequent creditor, the only difference being the method of proof; that when an existing creditor shows his debt was existing when the conveyance was made, "the law, without further proof, raises a conclusive presumption of fraud so far as that creditor is concerned." When, however, the conveyance is attacked by a subsequent creditor, he must prove the fraud as a fact — that is, "an actual fraudulent intent to defraud some creditor." By some creditor is meant any creditor, either existing at the time when the conveyance is made or subsequently.
When the federal government secured its conviction of Jacob Blumberg, it conclusively established the fact that he had been indebted to it for income taxes which were due and payable at the time of the transfer of the $143,000 to his wife in October, 1918. Therefore, applying the language just quoted, I think it is sufficiently proved for the purposes of this motion that, although the complainant is a "subsequent creditor," he has shown "an actual fraudulent intent to defraud some creditor," to wit, the United States government, and that the relation of debtor and creditor was "existing at the time when the conveyance" was made. It is *Page 274 
true that Jacob Blumberg swears that, at the time of the transfer of his money to his wife, he had no existing lawful creditors or creditor, but the proof contained in the affidavit of Mr. Turndorf is not overcome by the naked oath of the defendant.
No objection was made in the able argument for the defendants of the fact that the complainant is only an attaching, and not a judgment, creditor, because that question has been settled inHaston v. Castner, 31 N.J. Eq. 697; Bain bridge v. Allen,70 N.J. Eq. 355, and many other cases.
 I will advise an injunctive order pending the final hearing. *Page 275