On or prior to January 1st, 1923, Walter Nelson, one of the defendants, and one Albert C. Surran, partners in business, trading under the name of Nelson Surran, being desirous of securing loans from the complainants, executed and delivered to it certain promissory notes.
In the course of business Nelson Surran received from their customers notes to their order for merchandise delivered; these notes were given to the bank, and from the testimony it is difficult to determine whether the business notes were deposited as collateral for the firm's notes, or whether the firm's notes were collateral for the business paper.
On October 13th, 1923, the complainant recovered a judgment, on one of the promissory notes made by Nelson Surran, against them in the supreme court of New Jersey for the sum of $1,900 damages, and $47.43 costs, and on December 7th, 1923, recovered another judgment against said parties in said court for the sum of $1,725.25 damages and $47.43 costs. Execution was issued and levy made upon the lands described in the bill of complaint, subject to a mortgage of $8,200.
This mortgage was made on August 11th, 1923, by Walter Nelson and his wife to William H. Money (one of the defendants), and was duly acknowledged and recorded.
The complainants charge that said mortgage was voluntary, without consideration and fraudulent as against complainant, and prays that said mortgage be set aside and held to be fraudulent, and declared null and void and of no effect as against complainant's aforesaid judgments.
The defendant Money, who is an uncle of Nelson, denied the lack of consideration of said mortgage, and swears that he advanced the entire sum of $8,200 to Nelson.
Nelson produced eight promissory notes made by him to the order of Money, upon the dates and in the amounts as follows: February 8th, 1919, $2,000; May 1st, 1919, $800; December 6th, 1919, $1,000; August 9th, 1921, $600; January 5th, 1922, $800; April 28th, 1922, $600; December *Page 139 
20th, 1922, $800; May 21st, 1923, $800, which, with a receipt dated August 14th, 1923, for $800, total the amount of the mortgage.
Both Nelson and Money testify that all of this money (excepting a small amount charged as interest) was actually advanced by Money to Nelson, and that the notes and the receipts were delivered to Money at the time of the payment of the money to Nelson, and on the dates the respective papers bear, and redelivered by Money to Nelson at the time of the execution of the bond and mortgage in question, and as the consideration therefore. They are corroborated by a witness (expert in handwriting, age of ink and of paper, c.), who testified that the several papers were written at or about the time they bear date. This witness is flatly contradicted by another witness (another expert in like matters), who testified that the papers were not written at or about the time of their respective dates, but that in his opinion, at least, several of them were written at the same time.
The cases (National Security Bank v. Blumberg, 96 N.J. Eq. 270,
and Washington National Bank v. Beatty, 77 N.J. Eq. 252) are not applicable to the case now before us, as in those cases, the conveyances being attacked, were voluntary and without consideration.
It is a well-settled rule in this state that a debtor has a right to prefer one or more of his creditors over the others.National Bank of Slatington v. Massopust, 85 N.J. Eq. 564,
and cases there cited.
I find, as a fact, that Nelson was, at the time of the making of the mortgage in question, indebted to Money in the sum of $8,200, and that said mortgage is a valid lien upon the premises therein described.
Finding that the facts and circumstances are consistent with an honest purpose, i.e., to secure Money for the amount advanced by him to Nelson, it is unnecessary for me to consider the other questions raised, and a decree will be advised dismissing the bill. *Page 140