This bill seeks to set aside as fraudulent a conveyance made by the defendant Joe Meister to the defendant Joseph Cohen, and a conveyance from Joseph Cohen to the defendant Dora Meister. The bill alleges that in November, 1920, the defendant Joe Meister was seized of certain lands described in the bill, and on that date conveyed the same without consideration to Joseph Cohen; that on January 10th, 1921, Joseph Cohen conveyed the same property, without consideration, to the defendant Dora Meister, and that this conveyance "was made for the purpose of making Joe Meister judgment proof against Eastern Sash and Door Company, and for the purpose of defrauding the said Eastern Sash and Door Company and any and all other subsequent creditors of the said Meister." The bill alleges business relations between the defendant Joe Meister and the complainant in December, 1924, and the subsequent entry of judgments in 1926 at the suit of complainant against Joe Meister, the issuance of executions on these judgments and their return unsatisfied. An affidavit submitted on behalf of the defendant on this motion shows that the complainant, Eastern Sash and Door Company, was incorporated on March 20th, 1923. Complainant insists that the bill is maintainable on authority of Washington National Bank v.Beatty, 77 N.J. Eq. 252, and later cases *Page 821 
following the leading case cited. Defendant also rests his motion on that decision. The rule of law applicable to fraudulent conveyances as interpreted by that case is undoubtedly the law of this state. The facts in the Washington National Bank Case are closely analogous to those in the instant case. There the bank was organized five years, and the judgment was obtained twelve years, after the conveyances complained of, but the court held those facts no bar to relief. So, here, the fact that the complainant corporation was not incorporated until three years after the date of the conveyances which are attacked, and judgments obtained six years thereafter, would not bar the complainant from relief if otherwise within the rule of the leading case. Judge Dill, speaking for the court of errors and appeals in that case, at pages 255, 256, said:
"The true rule is that when a conveyance is attacked by a subsequent creditor, the question to be determined is whether the conveyance was fraudulent.
"The question is the same when attacked by an existing creditor, the only difference is the method of proof. When an existing creditor attacks the conveyance, and shows that his debt was incurred before, and was existing at the time when the conveyance was made, the law, without further proof, raises a conclusive presumption of fraud so far as that creditor is concerned.
"When, however, the conveyance is attacked by a subsequent creditor, he must prove fraud as a fact — that is, `an actual fraudulent intent to defraud some creditor.' By some creditor is meant any creditor, either existing at the time when the conveyance is made or subsequently. If this be shown, the conveyance is proven to be fraudulent, and it may be set aside at the instance of any class of creditors, without regard to the time when the debt came into existence."
 * * * * * * * *
"It was necessary for the bank, as a subsequent creditor, to prove — first, a voluntary conveyance; second, an existing creditor or other person having a lawful claim or debt within *Page 822 
the meaning of the statute; third, an actual intent on the part of the defendant by means of the deed to delay or hinder some creditor, existing or subsequent."
It was then held that the bank was not entitled to relief because it could not show the existence of any lawful claim or debt within the meaning of the statute at the time of the transfer. It is argued, therefore, in support of this motion, that as there is not even an allegation in the bill of the existence of a debt at the time of the conveyances which are here sought to be set aside, no right to equitable relief appears, and that the bill should be stricken out. I am unable to see any sound reason why a conveyance made with fraudulent intent and design, and by which a subsequent creditor is hindered in the collection of his just claim, is any the less fraudulent as to the subsequent creditor if the fraud-doer had no creditor at the time of the transfer than if he had. Nor do I believe that the court of errors and appeals, in the leading case cited, either limited or intended to limit the application of the rule and statute to cases where a debt was shown to exist at the time of the conveyance, as suggested by counsel for defendant. The right to relief in the Washington Bank Case was based upon the existence of a lawful claim or debt at the time of the conveyance, and no other ground of fraud was suggested. What the court there held was that, as the basis of fraud was not established, relief grounded on fraud could not be granted. It was not, in my judgment, intended to lay down an inflexible rule that the existence of a debt at the time of the conveyance complained of should be a prerequisite to relief, and this thought is emphasized by the fact that in the Washington BankCase no reference was made by the court to the earlier case ofHildebrand v. Willig, 64 N.J. Eq. 249, in which Vice-Chancellor Grey held that where a grantor, in anticipation of his entering upon a new business, conveyed land to a grantee for the purpose of preventing its application to the payment of the grantor's possible debts in case financial misfortune should result from the venture, the conveyance was obnoxious *Page 823 
to the statute of frauds, as made with an intent to hinder creditors. That was a suit brought by the heirs of the grantor to set aside a conveyance made in contemplation of financial misfortune which did not occur. There were neither existing nor subsequent creditors, but as the conveyance was conceived and born in fraud, the court held that as to the fraud intender, and those standing in his place, it was immaterial whether or not the fraudulent intent was accomplished. This was on the principle that parties to an illegal contract will not be relieved of the consequences of their unlawful acts. The law will leave them where it finds them. The rule of law and the statute involved in the instant case are the very foundation of that decision. The iniquity inhibited by the statute (2 Comp. Stat. p. 2618 §12) is the conveyance with fraudulent intent, and conveyances thus made are void as against all creditors, prior or subsequent, whose just debts are hindered or defeated. On this motion all material allegations of the bill must be taken as admitted, and this includes the allegation of fraudulent intent as to the complainant and hindrance in the collection of its just debt. The motion will therefore be denied. *Page 824 
[EDITORS' NOTE: THIS PAGE IS BLANK.] *Page 825