To the complainant's bill to quiet the title to lands, the defendant filed a counter-claim, in which he set up, and it is admitted by the answer or established by the evidence, that in August, 1920, he began an action for fraud in the Essex circuit court against Herman Bartsch, in which Bartsch, with one Clinton E. Vail, as surety, entered into a recognizance, bail above, in the sum of $5,000 in the usual form. Judgment was entered in the suit in February, 1921, for $8,000. A capias ad satisfaciendum
issued and was returned non est inventus. Thereupon, the defendant sued out a writ of attachment out of the supreme court to the sheriff of Union county against the personal and real property of Vail, the surety, by virtue of which the sheriff attached the lands in question. The writ was issued on the debt due on the recognizance, and upon the report of the auditor a judgment was entered and the property was sold to the defendant. The property had been conveyed by the complainant to Vail, the surety, to enable him to qualify on the recognizance, and, *Page 394 
after he had so qualified, was reconveyed to the complainant. The conveyance and reconveyance bear date August 4th, 1920. The former was recorded August 9th, 1920, the date of the recognizance, and the latter, although executed and delivered immediately after the entry of the recognizance, was not recorded until June 21st, 1921. The reconveyance was voluntary and without consideration, and the charge is that it was made with intent to cheat and defraud the defendant. The complainant adds, in his answer, and which is admitted or established, that Bartsch had always resided in Newark, and was readily accessible and could have been taken under the ca. sa.; that the surety had no knowledge of the entry of the judgment, in the fraud suit, of theca. sa., or of the attachment, judgment and sale thereunder, until March, 1922, and that he promptly moved the Essex circuit court for leave to surrender Bartsch in satisfaction of the bail, but upon objection by the defendant, the court declined the motion. The prayer of the counter-claim is that the reconveyance by the surety to the complainant be set aside as fraudulent as against the defendant's title under the auditor's deed.
It would seem that the law court could have with perfect propriety exonerated the bail. The inclination of the law is to exonerate the bail upon the prompt rendition of the body of the defendant after notice. Van Winkle v. Alling et al.,Executors, 17 N.J. Law 446. Under section 77 of the Practice act (Comp. Stat. p. 4075) the bail may, of right, be relieved if he makes surrender within twenty days after the return day of thesci. fa. or process in the action on the recognizance, and thereafter, by grace, upon good cause shown. Vail acted promptly after notice, and it appears that the plaintiff in the action suffered no injury by the delay. The court's action in refusing to surrender is not res adjudicata (Selz v. Presburger,49 N.J. Law 396), and this court would be justified, upon finding that the bail was entitled to exoneration, in refusing to exercise its jurisdiction to grant relief against him. But that course need not be considered.
To entitle the defendant to a decree he must prove the charge that the reconveyance was fraudulently made, and *Page 395 
there is not a word of proof that the parties to the deed intended to commit a fraud. The recognizance miscarried as a lien upon the land, because the land was located in Union county, whereas the bail was recorded in Essex county. When the reconveyance was made it was assumed by the parties that it was subject to the lien of the recognizance, and, of course, there was no fraudulent intent, and it cannot be inferred from the mere fact that the deed was without consideration and voluntary. InHaston v. Castner, 31 N.J. Eq. 703, Chief-Justice Beasley declared the rule of evidence to be "that if a person be indebted to another at the time of a voluntary settlement made by him, such disposition is presumed to be fraudulent with respect to such debt, and no circumstance will suffice to repel the legal presumption of fraud," and in Dodson v. Severs, 53 N.J. Eq. 633,
he confined the doctrine to existing debts and further intimated that it may not be applicable unless the debt be past due. At the time the voluntary conveyance under consideration was made the grantor, as surety on the recognizance, was only contingently liable to respond if later there should be default in the condition of the recognizance, and that liability became fixed only upon a failure to surrender the body of the defendant in satisfaction of the ca. sa. There was at that time no breach of the condition as in Ransom v. Brinkerhoff, 56 N.J. Eq. 160.
As to debts other than existing debts at the time of the conveyance, fraud cannot be presumed; it must be proved. Dodson
v. Severs was followed by Vice-Chancellor Stevens in NationalBank of Elizabeth v. Foster, and his view of the doctrine of that case was approved and affirmed by the court of errors and appeals, 91 N.J. Eq. 334. The counter-claim will be dismissed.
The land involved is unenclosed and unimproved, upon which the complainant, or his predecessors in title, have paid taxes for five consecutive years immediately prior to the commencement of this suit. The jurisdictional ground alleged is peaceable possession under a claim of ownership and, to remove all question, it is suggested that the bill be amended so as to include the second jurisdictional ground. The complainant is entitled to a decree. *Page 396