AUGUSTUS M. MINTON, complainant-appellant,

*v.*

MARY WOOSTER SUTTON and EMMA C. REILY, defendants-respondents.

[Submitted May term, 1927. Decided December 23d, 1927.]

1. Foreclosure of the first mortgage on lands will not extinguish the rights of the holder of the second mortgage where the latter was not made party to the foreclosure proceedings.

2. Where suit to foreclose had been started on the second mortgage and the wife of the mortgagor and another person stopped the foreclosure by paying the amount due on the mortgage, receiving in return the bond and mortgage, minus the deed of assignment, the transaction made them owners of the bond and mortgage by sale; and the delivery of the bond and mortgage at the time of the sale constituted, *per se,* a sufficient assignment, making unnecessary a formal assignment in writing.

On appeal from a decree advised by Vice-Chancellor Backes.

*Messrs. John S. Applegate & Son,* for the appellant.

*Mary Wooster Sutton,* for the respondents.

Per Curiam.

The complainant-appellant, by his bill of complaint, in the court of chancery, sought to have a certain bond and mortgage held by the defendants-respondents decreed to be null and void and to be canceled of record. After a hearing, the bill was dismissed by the vice-chancellor, and we concur in the result reached by him, for the reasons hereinafter stated.

The complainant held a first mortgage on certain property owned by one Edward J. Reily. This mortgage was executed some time prior to October, 1919. The testimony does not disclose the exact date when the mortgage was given. On the first of October, 1919, Reily executed another mortgage to one May Straus, who afterwards married a man by name of Sherman. At the time of making the second mortgage Reily was a widower. For default in its payment, Mrs. May Straus-Sherman instituted foreclosure proceedings during the pendency of which Emma C. Reily, who had married Edward J. Reily, the mortgagor, and Mary Wooster Sutton, defendants-respondents in the present suit, stopped the foreclosure by paying the amount due on the mortgage to Mrs. Sherman's solicitor, on October 1st, 1924, and received from the latter, in return of such payment, the bond and mortgage, minus the deed of assignment.

On behalf of the respondents it is claimed that by the legal effect of this transaction they became the owners of the bond and mortgage.

In the meantime the complainant filed his bill to foreclose his mortgage, and failed to make May Straus-Sherman a party to the foreclosure proceedings. This suit proceeded to a final decree and the property was sold, under the decree, by the sheriff, on the second day of February, 1925, and was purchased by the complainant, who received and accepted the sheriff's deed for the same with the knowledge that Mrs. Sutton asserted immediately after the property was sold at such sheriff's sale that the sale did not affect the Straus-Sherman mortgage.

On behalf of the appellant it was argued in the court below, and is now insisted upon here, that the defendants-respondents were estopped from availing themselves of the assignment from Mrs. Straus-Sherman, because it appears that at the time of the sheriff's sale Mrs. Sutton was present, and in her hearing, the sheriff called for objections to the sale and that she made no protest, whereupon the property was struck off to the complainant. But this silence on her part seems to be satisfactorily explained by her testimony, to the effect that at the time of the sale she was not aware that Mrs. Sherman had not been made a party to the foreclosure proceedings, and as is pointed out by the vice-chancellor, in dealing with that branch of the case, there was no ground for such belief on her part.

We do not, however, adopt the view of the vice-chancellor, or that the respondents' right to the bond and mortgage accrued by their being subrogated to the rights of Mrs. Sherman, but are of the opinion that the transaction between the parties shows the respondents became the owners of the said bond and mortgage by sale to them by the owner of them. The mere circumstance that it might have been the original intention of the respondents to have satisfied the mortgage did not preclude them from abandoning such intention, and to adopt what they seemed to think to be a more practical and beneficial transaction, namely, to take an assignment of the bond and mortgage.

It may be well to observe here that so far as the rights of the holder of the prior mortgage are concerned, the uncontradicted fact that the bond and mortgage, at the time of payment, were delivered to the respondents, constituted, *per se,* a sufficient assignment, and, hence, no formal assignment in writing was necessary to invest the respondents with complete ownership. *Galway* v. *Fullerton, 17 N. J. Eq. 389, 394; Harris* v. *Cook, 28 N. J. Eq. 346, 348; Denton* v. *Cole, 30 N. J. Eq. 245, 246; Daly* v. *New York and Greenwood Lake Railway Co., 55 N. J. Eq. 599, 600.*

For these reasons the decree below is affirmed, with costs.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, DEAR, JJ. 14.