ALFRED F. CONWAY, trustee, &c., complainant-appellant,

*v.*

EDWARD M. RAPHEL et ux., defendants-respondents.

[Submitted February term, 1928.   Decided May 14th, 1928.]

1. Under *P. L. 1919 p. 500*, relating to fraudulent conveyances, a bill for discovery may be filed by a creditor, whose claim is contingent, or the legal liability is unmatured, unliquidated, absolute, fixed or contingent. This statute, so far as its provisons are inconsistent with the old act (*2 Comp. Stat. p. 2619 § 11 et seq.*), repeals the latter.

2. A person is insolvent when the present fair value of his assets is less than the amount that will be required to pay his probable liability on his existing debts, as they become absolute and matured.

3. Every conveyance made, &c., by a person who is or will be thereby rendered insolvent is fraudulent, as to creditors, without regard to his actual intent, if the conveyance, &c., is made without a fair consideration.

4. The burden of proof is on the complainant to show that the conveyance thereby rendered the grantor insolvent. The testimony examined in this case—*Held*, the complainant failed to sustain the burden of proof on this point, the bill of complaint was properly dismissed.

On appeal.

*Messrs. Wall, Haight, Carey & Hartpence,* for the complainant.

*Mr. Joseph Steiner,* for the defendants-respondents.

The opinion of the court was delivered by

BLACK, J.

The bill of complaint in this case was filed by the complainant, Alfred F. Conway, trustee in bankruptcy of Edward M. Raphel. The bill prays for a discovery and to set aside a conveyance made on January 27th, 1920, by Edward M.

Raphel to Margaret G. Farrell and a conveyance of the same property made on January 28th, 1920, by Margaret G. Farrell to Jane M. Raphel, wife of Edward M. Raphel, on the ground that they are without a fair consideration and are fraudulent conveyances. Other facts alleged in the bill and shown by the testimony are that on December 1st, 1919, the Equitable Trust Company of New York loaned to Edward M. Raphel Company twenty-five thousand dollars ($25,000) for which a promissory note was made and delivered payable February 27th, 1920. The promissory note was endorsed by Edward M. Raphel, and on that date, viz., December 1st, 1919, Edward M. Raphel was seized in fee-simple of the premises described in the bill of complaint, located in the city of Orange, Essex county, New Jersey. Payments were made from time to time on the promissory note, until January 19th, 1921. There was then a balance due of nine thousand dollars ($9,000) on that date, a like promissory note was made and delivered for $9,000, being a renewal of the balance due on the former promissory note. This note was not paid and on May 20th, 1926, The Equitable Trust Company recovered a judgment on the note against Edward M. Raphel in the supreme court of New York county, New York, for $8,973.79. As stated, the bill charges that the conveyance by Edward M. Raphel, on January 27th, 1920, was without a fair consideration and fraudulent.

The case was heard by Vice-Chancellor Church; he advised a decree dismissing the bill of complaint on the ground that no fraud had been shown. This decree of the court of chancery we think must be affirmed.

The cases, such as *Severs* v. *Dodson, 53 N. J. Eq. 633*; *National State Bank of Elizabeth* v. *Foster, 91 N. J. Eq. 334*, and *Vail* v. *Diamond, 135 Atl. Rep. 791*, are not applicable to this case. Those cases were decided under the Fraudulent Conveyances act (*2 Comp. Stat. p. 2619 § 11 et seq.*), where a long list of cases are collected, which were decided under that statute.

This case, it is argued, is brought within the act of *P. L. 1919 p. 500.* That act is an entirely separate piece of legis-

lation.   The object and scope of the act is indicated by the title : "An act concerning fraudulent conveyances and to make uniform the laws relating thereto."   It may be cited as the Uniform Fraudulent Conveyance act.   It created an entirely new situation and a new set of conditions and, to the extent that the two statutes are inconsistent, it repealed the old law. *Anderson* v. *City of Camden, 58 N. J. Law 515, 521; Hotel Registry Corp.* v. *Stafford, 70 N. J. Law 528; Terrone* v. *Harrison, 87 N. J. Law 541, 544.*   A comparison of the two acts will reveal the differences.   It defines certain terms, such as a "creditor," by section 1, is a person having any claim, whether matured or unmatured, liquidated or unliquidated, absolute, fixed or contingent; thus, making it much broader in scope than the old act, as applied in such cases as *Severs* v. *Dodson, supra.*

A bill of insolvency may be filed in case of a contingent liability under the act by a creditor.   By section 2—(1) "A person is insolvent when the present fair salable value of his assets is less than the amount that will be required to pay his probable liability on his existing debts as they become absolute and matured."   There is no reliable evidence in the record to show that the defendants' assets were less than the amount that would be required to pay his probable liability on December 1st, 1919, or on January 21st, 1921, the dates of endorsements.

Section 4 provides—"Every conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual intent if the conveyance is made or the obligation is incurred without a fair consideration."

When the endorsement was made December 1st, 1919, and the conveyance made on January 27th, 1920, it must be shown by the complainant that it rendered the endorser insolvent under this statute.   The burden of proof was on the complainant to show that fact.   This the complainant failed to do.

The complainant argues, the trust company was an existing creditor at the time of the voluntary conveyance on January

27th, 1920, and the conveyance was indisputably fraudulent and void as to it. No further evidence of fraud was necessary. This is unsound, as it ignores the plain wording of the statute "by a person who is or will be thereby rendered insolvent." It is such a conveyance that by the statute is fraudulent as to creditors.

The vice-chancellor found that in 1919 and 1920, when these transactions occurred, Edward M. Raphel and the Edward M. Raphel Company were solvent. With this conclusion we agree.

The statute *P. L. 1919 p. 500* in some of its features is considered in the case of *United Stores Realty Corp.* v. *Asea, 102 N. J. Eq. 600;* the present February term, 1928, of this court.

The decree of the court of chancery is therefore affirmed.

PARKER, J. (concurring in result).

The case of *United Stores Realty Corporation* v. *Asea,* referred to in the opinion, involves a different phase of the statute of 1919, not controlled by an affirmance in the present case.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, DEAR, JJ. 15.

*For reversal*—None.