The defendant Gland made a gift of real property to his wife, through an intermediary, when he was indebted to the complainant. The debt has been reduced to judgment. The bill is to set aside the conveyance as fraudulent. There was no intentional fraud. There is no proof that the conveyance rendered the defendant insolvent. Query: Is the conveyance voidable as to complainant, an existing creditor?
As the law stood prior to 1919 there was an absolute presumption that a voluntary conveyance was fraudulent as against existing creditors. Severs v. Dodson, 53 N.J. Eq. 633. That has been changed by the Uniform Fraudulent Conveyance act of 1919. Cum. Supp. Comp. Stat. p. 647. Under section 4 of the act, there is no longer an irrefutable presumption that a gift by a debtor is fraudulent, unless thereby he is rendered insolvent. The court of errors and *Page 724 
appeals in Conway v. Raphel, 102 N.J. Eq. 531, has so interpreted the section which reads: "Every conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual intent if the conveyance is made or the obligation is incurred without a fair consideration." The section modifies the rule of evidence of an irrefutable presumption of fraud, which prevailed under the statute of frauds (Comp. Stat. pp.2617, 2618), and limits the presumption to instances where the voluntary conveyance creates a condition of insolvency, defined by the act to be "when the present fair salable value of his [debtor's] assets is less than the amount that will be required to pay his probable liability on his existing debts as they become absolute and matured." This modification of the rigor of the common law rule obviously was to protect from remote attackbona fide gifts made during affluence.
Later decisions of the court of errors and appeals, involving the Uniform Fraudulent Conveyance act, do not touch the point settled in Conway v. Raphel, supra.
In Gross v. Pennsylvania Mortgage and Loan Co., 101 N.J. Eq. 51; affirmed, 104 N.J. Eq. 439, Vice-Chancellor Leaming refused to strike out a creditor's bill charging intentional fraud, holding that the act of 1919 made no change in the law in respect to conveyances designed to cheat creditors. His observation, that the act extends a remedy to creditors whose debts have not matured, subscribed to by the writer in Fisovitz v. CordoscoConstruction Co., 102 N.J. Eq. 354, seemingly was not well founded, for in United Stores Realty Corp. v. Asea, 102 N.J. Eq. 600,
the court of errors and appeals indicated that the act in so far as it attempted to take from the law courts and to confer jurisdiction on the court of chancery to determine the validity and amount of creditors' claims, was unconstitutional. That case settles the point that a creditor's claim must be reduced to judgment before he can attack a fraudulent conveyance. The case was one of voluntary conveyance against the rights of an existing creditor and the conveyance was set aside. No mention is made *Page 725 
in the opinion of insolvency but it is to be presumed that it appeared in the proof that the conveyance resulted in insolvency.
Ulicsnik v. Dalrymple, 102 N.J. Eq. 136; affirmed, 103 N.J. Eq. 407,
involved actual fraud and insolvency, as didWilliamson v. Bender, 105 N.J. Eq. 367, decided by this court.
Counsel also refers to cases decided by this court since the 1919 act went into effect as adhering to the doctrine of irrefutable presumption without limitation. Semenowich v.Melnyk, 93 N.J. Eq. 67; reversed, Ibid. 615; Vail v. Dimond,95 N.J. Eq. 97, and 100 N.J. Eq. 393; National Security Bank
v. Blumberg, 96 N.J. Eq. 270; Babirecki v. Virgil, 97 N.J. Eq. 315; Eastern Sash and Door Co. v. Meister, 99 N.J. Eq. 819;First National Bank v. Merrick, 102 N.J. Eq. 63; Unger v.Mayer, 105 N.J. Eq. 253. Upon examination it will be found that there was either actual fraud or insolvency or both or the element of insolvency was not in issue. An irrefutable presumption of fraud may be raised at the trial under a charge that the conveyance was made with intent to cheat (Gross v.Pennsylvania Mortgage and Loan, supra), by showing that it produced insolvency. In pleading the impeachment of a voluntary deed as fraudulent, without charging intentional fraud, resulting insolvency must be alleged. The complainant's bill must fail under section 4 of the act.
The debtor was at the time of the conveyance and still is engaged in the plumbing business. Section 5 of the act also modifies the common law rule of evidence in respect of tradesmen by providing that "every conveyance made without fair consideration when the person making it is engaged or is about to engage in a business or transaction for which the property remaining in his hands after the conveyance is an unreasonably small capital, is fraudulent as to creditors and as to other persons who become creditors during the continuance of such business or transaction without regard to his actual intent." The conveyance was made in 1927. The judgment was entered two years later. What the debtor's financial condition *Page 726 
was at the time of the conveyance is not to be judged by his inability to pay his debts two years later. No unfavorable inference as to him is to be drawn after such a lapse of time. The condition must be established by proof. Through misunderstanding at the trial, no evidence was offered by either side. This was due to an assumption by both court and counsel that the decision turned on section 4 of the Uniform act. There will be a further hearing upon motion. *Page 727