Defendant Anna M. Brarman and her husband executed a second mortgage to defendant Mansfield, which represented the full purchase price of premises conveyed by Mansfield to them. Subsequently, in 1932, Mansfield delivered the bond and mortgage in suit to complainant as security for a note of Mansfield in the amount of $1,500. There was no formal written assignment.
On August 30th, 1934, Mansfield executed a written assignment of the same mortgage to defendant Anna M. Brarman. Complainant brings this suit to set aside the assignment to defendant Anna M. Brarman and to establish the validity of his rights to the bond and mortgage as collateral security for the note held by him.
The oral conveyance of the bond and mortgage to complainant was valid as against the subsequent formal assignment to defendant Brarman, provided the latter was made with knowledge by her of the assignment of the bond and mortgage to complainant. Denton
v. Cole, 30 N.J. Eq. 244; Minton v. Sutton, 102 N.J. Eq. 61. *Page 164 
The rights of the parties depend on the determination of certain disputed facts. Defendant Mansfield did not file an answer but testified at the hearing. He is an old man and his testimony was rather vague as to certain of the important particulars. That the relations of the parties were involved is demonstrated by the circumstances that defendant Anna M. Brarman, the assignee, was one of the mortgagors, and that defendant Mansfield, the mortgagee, continued to live in the premises conveyed by him during the whole period involved, under some sort of an agreement whereby the Brarmans were to provide him quarters and other necessities It is very doubtful if defendant Mansfield clearly understood his rights, if in fact these rights were ever definitely fixed.
From the evidence, there is no question but that Mansfield delivered the bond and mortgage to complainant and that this was intended to be collateral to secure Mansfield's note. There is also no question that on August 30th, 1934, a written assignment was made to defendant Anna M. Brarman and that at that time, a written agreement was made whereby the assignee agreed to furnish Mansfield with any necessities he may require and also take care of him during his illness. This differs very little, if at all, from the prior oral arrangement under which Mansfield was already living on the premises. Therefore there appears to be no very substantial consideration for what otherwise would be a gift of the mortgage from Mansfield to Mrs. Brarman. In the execution of the assignment to Mrs. Brarman, prepared by her attorney, it does not appear that Mansfield, who was conveying away his sole substantial asset, had any independent advice in the transaction.
Complainant testified that on August 13th, 1934, he informed the Brarmans of the fact that Mansfield had assigned the bond and mortgage to him as collateral for the debt due him and that neither then nor later did the Brarmans assert any claim to the bond and mortgage, by assignment or otherwise. If the date fixed by complainant is correct, it is significant because of the conceded fact that the written assignment to Mrs. Brarman was made subsequently, *Page 165 
on the 30th day of August, 1934, since this would mean that it was done in an attempt to forestall complainant's rights and with knowledge thereof. The Brarmans testified that complainant did not mention his claim to them until November of the same year, which, of course, would make it after the assignment to Mrs. Brarman. The testimony of Brarmans and Mansfield is contradictory in several particulars and of doubtful credibility. The Brarmans testified that the disclosure of complainant's claim was made at the conclusion of an interview between complainant and Mansfield, which took place on an open porch. This scarcely seems likely, since Mansfield was old and feeble. Brarmans also testified that at the time complainant asserted that he held the bond and mortgage, they failed to notify him that it already belonged to them. Thus it is highly improbable that in fact there had already been an assignment.
I therefore find that complainant has satisfactorily proven that defendant Anna B. Brarman took the assignment of the mortgage from Mansfield with knowledge of complainant's rights and subject thereto.
A decree will be advised accordingly.