Complainant, as trustee in bankruptcy of William Wuester, seeks to set aside the transfer of ninety-four shares of the common capital stock of the Paragon Woven Label Company, Inc., upon the ground that it was made by the bankrupt without consideration and with intent to hinder and delay his creditors in the collection of their respective debts; and, hence, is fraudulent as to him.
On March 8th, 1933, defendant William Wuester, who ever since 1929 had been engaged in the textile manufacturing business under the name and style of Paragon Woven Label Company, filed a voluntary petition in bankruptcy, was subsequently adjudicated a bankrupt and on August 28th, 1933, was granted his discharge in that proceeding. Shortly thereafter he commenced negotiations which resulted in the organization and incorporation under the laws of this state of the Paragon Woven Label Company, Inc., and in a loan of $4,500 being made to that corporation by the defendant F.C. Reinhardt Holding Company. With the money thus borrowed, the Paragon Woven Label Company, Inc., purchased from one Arthur R. Neale, who in turn had acquired such from Edmund G. Stalter, trustee in bankruptcy of William Wuester, all of the machinery and equipment which said bankrupt was the owner of at the time of his said bankruptcy.
The incorporators and subscribers for the stock of the Paragon Woven Label Company, Inc., as appears from its certificate *Page 597 
of incorporation dated November 15th, 1933, were William Wuester, Fanny Cohen and Ernest Wuester, who subscribed for ninety-four shares, five shares and one share, respectively, of its common capital stock of the par value of $100 per share. The stock thus subscribed for, as shown by the minutes of the corporation, was fully paid for by the respective subscribers therefor. William Wuester was elected as a director and the president of that corporation. On November 22d 1933, he, as president, and his daughter, Elinor Wuester, as secretary, signed and issued to himself stock certificate number one for ninety-four shares of fully paid and non-assessble stock of that company. Thereafter he executed the undated blank assignment printed on the reverse side of that stock certificate. On November 17th, 1933, stock certificates numbers 4, 5 and 6, each for twenty-five shares, and number 7 for nineteen shares, were issued and delivered to Robert, Ernest, William and Elinor Wuester, respectively, who are the children of William Wuester, out of the ninety-four shares which he had originally subscribed for and which, as evidenced by stock certificate number one, had been originally issued to him.
Defendants contend that inasmuch as the ninety-four shares of stock had, in the first instance, allegedly been issued to William Wuester by mistake and without consideration, it never constituted a part of his assets and hence his transfer thereof cannot be questioned or challenged by complainant. This contention is, however, aside from its not having been raised by the corporation itself, by whom alone it seems such could be urged, devoid of merit. For, even if William Wuester had received these shares of stock without consideration, nevertheless these defendants could neither take advantage of or raise that fact as a bar to complainant's right to the relief which he here seeks. Obviously, the obligation and liability incurred by William Wuester, by virtue of his subscription for this stock, to pay the corporation $9,400, aside from the fact that the corporate minutes disclose payment by him therefor, unquestionably was and is a sufficient consideration for the issuance and delivery of the stock to him. As to the existence of any mistake in the original issuance of this *Page 598 
stock, the evidence is far from being satisfactory or convincing.
The evidence clearly shows that William Wuester did not receive any consideration from any of his children for the shares of stock which he caused to be transferred to them; that at the time of this transfer he had absolutely no other assets whatsoever and owed the sum of $3,000 on a promissory note which he had executed and delivered on November 2d 1933, from which obligation he, however, had not effected his release by his prior bankruptcy; that on March 9th, 1939, Gertrude Hendricks obtained a judgment against him in the Passaic County Circuit Court upon that note, for the sum of $4,391.17 and that he thereafter, for the purpose of effecting his release from this judgment, filed the present voluntary petition in bankruptcy wherein complainant was elected trustee. In the light of these established facts, the conclusion is irresistible that the transfer in question was without consideration and rendered William Wuester wholly insolvent within the purview of the provisions of R.S. 1937, 25:2-1 etseq., and the pronouncements in Conway v. Raphel, 101 N.J. Eq. 495; 138 Atl. Rep. 691; affirmed, 102 N.J. Eq. 531; KearnyPlumbing Supply Co. v. Gland, 105 N.J. Eq. 723;149 Atl. Rep. 530; Kessler v. Sooy, 108 N.J. Eq. 86; Franklin National Bank
v. Freile, 116 N.J. Eq. 278; 173 Atl. Rep. 93; affirmed,117 N.J. Eq. 405; Babirecki v. Virgil, 97 N.J. Eq. 315; SuperiorFinance Corp. v. Santucci, 115 N.J. Eq. 504; Trust Company ofOrange v. Garfinkle, 107 N.J. Eq. 20; 151 Atl. Rep. 858;Federal Reserve Bank of Philadelphia v. Godfrey, 120 N.J. Eq. 203;
and consequently is fraudulent and must be set aside subject, however, to the hereinafter mentioned right, title and interest of the defendant F.C. Reinhardt Holding Company.
As respects the defendant F.C. Reinhardt Holding Company, it clearly appears that it in good faith received and holds the here involved shares of stock, in addition to a chattel mortgage from the Paragon Woven Label Company, Inc., as collateral security for the repayment to it of the sum of $4,500 which it loaned to that corporation and part of which indebtedness still remains unpaid. Consequently, *Page 599 
the right, title and interest of the defendant F.C. Reinhardt Holding Company in and to the stock, up to the extent of the moneys still due to it, is prior and paramount to that of the complainant herein.
A decree will be advised in conformity with the views hereinabove expressed.