HENRY COOK *vs.* WILLIAM JOHNSON and others.

An accommodation endorser, after the note had been protested, conveyed his farm in trust for his wife. The conveyance was without valuable consideration.

*Held*, that the conveyance was void as against complainant, the payee of the note.

The defendant's denial, in his answer, of any *intent* to defraud his creditor, can avail nothing in view of the circumstances under which the conveyance was made. If its effect is to deprive the creditor of the payment of his debt, it is void under the statute and by the common law, independently of the statute.

Cook *v.* Johnson.

After protest, the endorser was as much a *debtor* as the drawer of the note; and the principle is, that if the party is indebted at the time of the voluntary settlement, it is presumed to be fraudulent in respect to debts antecedently due; and no circumstance will permit those debts to be affected by the settlement, or repel the legal presumption of fraud.

Where a man is endorser upon commercial paper, a voluntary conveyance is no better protection against such a debt, whether the paper is or is not due at the time of the conveyance, than against a debt contracted for the debtor's own benefit, and actually due and payable when the conveyance is made.

Where a voluntary conveyance—a settlement upon a wife or child—is made in contemplation of future debts, it is not *bona fide*, and will be set aside as fraudulent against such creditors.

The difference between *existing* and *subsequent* debts, in reference to voluntary conveyances, is this—as to the former, the fraud is an inference of law, but as to the latter, there must be fraud in fact.

A judgment creditor has a right to have a fraudulent conveyance removed from the premises by a decree in equity before selling the same under his execution.

---

*E. W. Scudder*, for complainant.

*James S. Green*, for defendants.

THE CHANCELLOR. However much I may regret that one of the defendants, who is a widow, should be deprived of the only property she has for the support of herself and children, I nevertheless cannot close my eyes to the fraud, which is so apparent in the transfer of the husband's property, in trust for his wife.

William Johnson was an accommodation endorser for one Tyson, on a note for $322.39, which Tyson gave to the complainant in payment for house furniture, which the complainant, who is a cabinet-maker, had sold him. When Johnson endorsed the note, on the 8th of September, 1856, he was the owner of some personal property and of a small farm in the neighborhood of Princeton. The note fell due on the 8th of February, 1857, and was protested for nonpayment. On the 14th of February, Johnson conveyed his real estate to Edward Stockton, in trust for his wife. On the 27th of February, he sold all

his personal property at public vendue. It was all bought in by his mother-in-law, and she gave Johnson her note in payment. On the 2d of March, suit was commenced on the note, and a judgment obtained against both Tyson and Johnson. Execution has been issued, and returned *nulla bona.*

Johnson, in his answer, denies that he conveyed his property with intent to defraud the complainant. He alleges he sold his personal property because he had no further need of it, and that he conveyed his real estate in trust for his wife, because it was owing to her industry and frugality that he was principally indebted for the personal property he had accumulated, and to carry out a promise he had made her several months before.

The denial of the defendant of any *intent* to defraud his creditor can avail nothing in view of the circumstances under which the conveyance was made. Its effect is to deprive his creditor of the payment of his debt, and it is void under the statute, and by the common law independent of the statute. There is no proof of the alleged promise, that he would convey the property in trust for his wife. But if such promise had been proved, it would not avail the defendant.

It was argued, for the defendant, that at the time of the conveyance the debt did not exist as a debt of Johnson; that he was merely an accommodation endorser, and his liability was not fixed until after judgment. This is a very nice point to take in a question of fraud. The defendant had made a contract, by which he was under a legal obligation to pay the debt if the drawer of the note made default. He certainly was as much the debtor after the note was protested as the drawer himself. There was a debt then due and payable from him to the complainant. If he has disposed of his property, so as to place it beyond the reach of a judgment and execution arising out of such a contract, the conveyance is as much a fraud against such a creditor as it would be against any creditor.

E*

Although there is some conflict of authority, I think the principle is correctly laid down by Chancellor Kent, in *Reade* v. *Livingston,* 3 *J. C. R.* 500, "that if the party is indebted at the time of the voluntary settlement, it is presumed to be fraudulent in respect to such debts (that is those antecedently due), and no circumstance will permit those debts to be affected by the settlement, or repel the legal presumption of fraud." Where a man is endorser upon commercial paper, a voluntary conveyance is no better protection against such a debt, whether the paper is or is not due at the time of the conveyance, than against a debt contracted for the debtor's own benefit, and actually due and payable when the conveyance is made. But if the distinction which is attempted could be drawn, and it appeared that the complainant's was a debt subsequent to the conveyance, it would not benefit the defendant.

I think the circumstances of this case show actual fraud, and that the conveyance was made with the view of placing the property beyond the reach of this creditor. In that view, it matters not whether the debt due the complainant was antecedent or subsequent to the conveyance. There can be no doubt that where the voluntary conveyance—a settlement upon a wife or child—is made in contemplation of future debts it is not *bona fide*, and will be set aside as fraudulent against such creditors. The difference between *existing* and subsequent debts, in reference to voluntary conveyances, is this—as to the former, the fraud is an inference of law, but as to the latter, there must be fraud in fact. *Story's Eq. Jur.* 361; *Reade* v. *Livingston,* 3 *Johns. Ch. R.* 497, 501. Whether we view this as an existing or subsequent debt, the conveyance must be regarded as fraudulent against this creditor.

It was insisted that the complainant has a remedy at law under the statute. *Nixon* 251 and 330. The complainant asks this court to remove the fraudulent conveyance out of the way. It is true he may sell Johnson's in-

terest in the property as it now stands with the legal title in the trustee; but he is not obliged to sell it with this fraudulent conveyance covering it, and run the risk of its being satisfied. He has the right to have the title cleared up before the sale. This is the only court that can do that.

The complainant is entitled to a decree.