## JAMES B. BORDEN et al.

### *v.*

### BENJAMIN DOUGHTY et al.

1. A husband promised his wife that if she would join in executing a mortgage, he would make a deed to her for certain other property. Eighteen or twenty years afterwards he conveyed to her the lot referred to. Before this conveyance he became indebted.—*Held,* that the conveyance was not a bar to judgments recovered by his creditors.

Borden *v.* Doughty.

2. The wife expended considerable sums of her own money in making valuable improvements; it not appearing that she acted in any sense dishonestly. —*Held,* that she was entitled to the present value of such improvements.

· *Mr. James Steen,* for Borden.

. *Mr. J. L. Wheeler,* for Little.

*Mr. Robert Allen, Jr.,* for defendants.

BIRD, V. C.

The complainants are judgment creditors. When the debts were contracted on which the judgments were obtained, Benjamin Doughty was the owner of two tracts of land. Before the judgments were rendered he conveyed them both to his daughter Rebecca. One of the lots Rebecca still holds the title to, the other she conveyed to her mother on the same day and at the same time that she took the deed from her father. Executions were issued upon the judgments and returned by the sheriff *nulla bona.* The object of these suits is to have the said conveyances declared fraudulent and void as to these judgments. As to the tract still held by the daughter, there was but feeble if any resistance to the complainant's claim for relief. I think there is no doubt but that in the law the transfer of the title to the daughter in that case was fraudulent.

As to the tract conveyed by the daughter to her mother, I have arrived at the same conclusion respecting its validity in the law.

The husband says that eighteen or twenty years before such conveyance, he desired to mortgage other land, and that he then promised his wife that if she would join in that mortgage he would make a deed to her for the lot in question, and that it was in fulfillment of such promise that he made this conveyance. The wife says that upon that occasion he told her that if she would sign the mortgage he would make it all right for her and give her a home. In my judgment such a promise upon such a consideration so long unexecuted, cannot stand in the way of judgment creditors who became creditors before the fulfillment of the promise.

Borden *v.* Doughty.

But the wife claims that she has made valuable improvements upon the premises, such as building two ice-houses, making additions to the dwelling and extensive repairs. I understood her to say that she paid to Fields and Burroughs two bills, one for $175 and one for $147, for lumber for the ice-houses; she paid also for the carpenter work. This was eight years ago, and consequently prior to the time she took the title. She said she paid $50 for repairing the ice-houses, and this was six or seven years ago, which was about or prior to the time she took the title. The carpenter work of one ice-house cost her $90; the other one she did not remember about. She afterwards said, however, in speaking of the time the respective payments were made by her, that there were only some small amounts of money expended on the property by her before the deed was made to her.

These moneys were no doubt paid by the wife. The husband was a fisherman, and spent the greater portion of his time from home in pursuit of his vocation. The wife has asparagus beds on lands which she rented of others, and she had cows and chickens. She sold the produce and increase of these, and applied the money as above stated. So far as the improvements were made after she took the title, I think she is entitled to be re-imbursed, and to have a lien therefor to the extent of their present value prior to the claim of the judgment creditors. *Rucker* v. *Abell, 8 B. Mon. 566; King* v. *Wilcox, 11 Paige 589.* There is no evidence of any intention on her part to perpetrate a fraud in the transaction. And I can see no reason in equity why the money which the wife earned and honestly expended upon the premises should be made to contribute to the payment of the husband's debts. Beyond that, the premises are liable for the money due upon the judgments. For that purpose and to that extent the conveyances to the daughter and wife would be set aside as fraudulent and void.

But the case as made before me does not show the present value of the improvements made by the wife since the transfer to her. I will advise an order authorizing her to establish definitely such value. She, having had the possession and use of the property, will be allowed for nothing beyond such present value, to which the examination will be limited