FREDERICK W. GNICHTEL, receiver, complainant and appellant,

v.

EDWARD JEWELL et al., defendants and respondents.

[Filed November 20th, 1899.]

Where a deed is sought to be set aside as voluntary and fraudulent against creditors and there is not sufficient evidence of fraud to induce the court to avoid it entirely, but suspicious circumstances as to the adequacy of the consideration and fairness of the transaction, the court will not set aside the conveyance altogether, but permit it to stand as security for the unpaid part of the money loaned and for the amount to which the defendant is entitled for services.

On appeal from a decree advised by Vice-Chancellor Reed, who filed the following conclusions:

The testimony leaves no doubt in my mind that the intention of Edward Jewell, in making the assignment mentioned, was to baffle and defeat his creditors. My only doubt is whether the assignee participated in such intent. It certainly looks as if there was a tacit, if not an express, understanding that Jewell was to have the control of this property after the assignment as fully as before, with the possible exception that the assignee was to be paid the amount which she had loaned Edward. But I hesitate to fix a fraud upon Miss Olivier, although the circumstances as to inadequacy of the consideration and the fairness of the transaction are certainly suspicious.

I will therefore adopt the equitable rule employed by Chancellor Kent in *Boyd & Suydam* v. *Dunlap, 1 Johns. Ch. 478,* which case was approved in *Muirhead* v. *Smith,* decided by our court of appeals and reported in *8 Stew. Eq. 312.* I will let the assignment stand as security for the unpaid part of the money loaned and for such amount of services as I think the defendant Olivier is entitled.

The assignment covers not only the $3,036.47 but also the life interest of the assignor in the income from the sum of $2,721.42. This sum, invested at five per cent. interest, would realize the sum of $136.07 each year. The assignor was, at the time of the assignment, fifty-nine years old. By the tables of mortality the present value, at five per cent. of an annuity of $1 at the age of fifty-nine years, is $919.89. The value of an annuity of $136.17, at that age, is $1,251.69. Miss Olivier therefore got by the assignment $3.036.07+$1,251.69= $4,287.76.

The agreement sworn to by Miss Olivier and her sister, that she was to receive $4 a week, was not entered into by Jewell nor, as far as appears, communicated to him. In fact, it does not appear that he ever knew that his sister-in-law was working for wages at all. So, assuming that she was to be paid, she is only entitled to a *quantum meruit*. This I have concluded to allow her. In fixing this it is to be kept in mind that she either must have been furnished with money by her sister, to assist in clothing herself during the period of twenty-two years, or she must (as I understand Mr. Jewell to say she did), during that period, engage for short terms in dressmaking. In either case it would diminish the amount she is entitled to recover, for in the first instance she has already received something, and in the other had not rendered services for the full time in the household of the defendant. She is entitled to the amount of the loan, which is $230, less $50 paid, leaving $180 due, with six months' interest, amounting to $64.80, making a total of $244.80.

For her services I think $2.50 a week is ample compensation. She claims for twenty-two years. This amounts to $2,860. Add this to the $244.80, the sum total is $3,104.80. The difference between the value of what she received by the assignment, namely, $4,287.76, and what she is permitted to recover, is $1,182.96. This sum the receiver is entitled to receive and apply to the judgments and to the interest thereon, so far as it will go.

I will advise a decree that if the assignee pay this sum to the receiver within sixty days, with the costs of this suit, the assignment will be permitted to stand, but if not paid within that time the assignment is to be set aside as to the receiver, and he is to collect of the amount due Edward E. Jewell the sum of $1,182.96, with interest on the same sum from the time of entering this order and the costs incurred in the collection of the same, and apply the same to the payment of the judgments, and is also to collect enough in addition to pay the costs of this suit.

*Mr. George O. Vanderbilt*, for the appellant.

*Mr. James E. Hayes*, for the respondent.

PER CURIAM.

Decree affirmed, for the reasons given in the court of chancery.

*For affirmance*—THE CHIEF-JUSTICE, DIXON, GARRISON, LUDLOW, COLLINS, HENDRICKSON, ADAMS, NIXON—8.

*For reversal*—DEPUE, GUMMERE, BOGERT, VREDENBURGH —4.