MARGARETHA SCHREIBER, complainant-respondent,

*v.*

CHARLES SCHREIBER et al., defendants-appellants.

[Decided November 20th, 1916.]

On appeal from an order of the court of chancery advised by Vice-Chancellor Stevenson and reported in *85 N. J. Eq. 303.*

Appeal of William M. Schultz.

*Mr. John J. Fallon,* for the appellants.

*Mr. Charles W. Kappes,* for the respondent.

PER CURIAM.

This is an appeal from an order of the court of chancery forfeiting a *ne exeat* bond, and directing the surety thereon to pay to the clerk of that court the penal sum mentioned therein.

The first ground of appeal is that the chancellor was without jurisdiction to make the order because the bond does not comply with rule 192 of the court of chancery (which regulates the procedure on writs of *ne exeat*), in that it was not taken by the sheriff at the time of the arrest of the defendant; and, further, because the condition of the bond varies from that required by the rule. In disposing of this contention, it is enough to say that so far as the obligation of the surety is concerned, it is immaterial whether the bond is in exact conformity to the requirements of the chancery rule or not. It was voluntarily executed by Schreiber and his surety for the purpose of obtaining the release of the former from custody under the writ of *ne exeat,* and it effected that purpose. It was open to the court of chancery to accept this bond in lieu of one in the prescribed form, if it saw fit to do so. As was said by Chief-Justice Beasley, speaking for the supreme court in *Sooy* ads. *State, 38 N. J. Law 329,* an instrument of this kind, although variant from that required by statute (or rule of court), given for a lawful purpose and not violative of any public policy, when made without an illegal coercion, is clearly obligatory in law. This pronouncement was approved by this court in *41 N. J. Law 395.* We conclude, therefore, that the first ground of appeal is without merit.

The next contention on the part of the appellant is that the cause in which the order was made was abandoned by the respondent prior to the making of the order, and that it is therefore void. The fact, however, is to the contrary. Although no step or proceeding in the cause was taken for many terms of the court, no move was made by Schreiber, the defendant therein, to bring about its termination. He had a right, had he seen fit, after the suit had been suffered to lie for a year without prosecution, to move its dismissal, and would have been entitled to an order to that effect unless good cause for the apparent laches in prosecution had been shown by the complainant. This, however, he did not see fit to do; and the order having been made

in a cause then pending in the court was clearly not *coram non judice*.

The only other ground of appeal is that the laches and delay of the respondent in proceeding against the appellant makes the order unconscionable. A reading of the affidavits which were submitted in support of and against the application to enforce the bond satisfies us, as it did the learned vice-chancellor before whom the matter came for adjudication, that, under the circumstances therein exhibited, no laches or unreasonable delay in the prosecution of the bond is imputable to Mrs. Schreiber.

The question of the propriety of enforcing this bond by a summary proceeding in the court of chancery is dealt with at length in the opinion promulgated by that court. But as it is not raised by any ground of appeal taken before us, it has not received consideration at our hands.

The order under review will be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER—14.

*For reversal*—None.