On motion to forfeit the penalty expressed in a ne exeat
bond.
The petitioner has secured a final decree for alimony under the twenty-sixth section of the Divorce act, and, at the time of initiating this motion, was entitled to arrearages of costs and counsel fee aggregating $200.16. This sum is made up of taxed costs amounting, the petitioner says, to "the sum of $100.16 total taxed costs of the entire suit," and $100 counsel fee allowed in the final decree. In the "$100.16 total taxed costs" there is included an item of $23.12, which is *Page 123 
costs allowed on a preliminary motion. She has caused a petition to be filed upon which there has been issued an order to show cause, directed to the surety who was joined in the defendant's bond to compel him to deposit with the clerk, or pay to the petitioner, the penalty above referred to.
It is known to everybody that, under the ancient practice, such a writ required the giving of security that the person named therein "will not go or attempt to go into parts beyond the seas," c. 3 Dan. Ch. Pl. Pr. [*]2328. Now, by virtue of rule 216, it is provided that, instead of restraining the person who is to answer, within the jurisdiction of the court, he may substitute as the condition of the bond to be given that he, among other things, "shall at all times render himself amenable to the order and process of this court pending the suit, and to such process as shall be issued to compel the performance of the final decree therein, and shall appear before this court, or any officer thereof, when so required by the order of this court." (I have italicized, for the purpose of accentuating what it is intended to be said.) It will be observed that three things are intended to be accomplished by the section of the rule that has been quoted. First, that the person against whom the writ is awarded must obey any orders or process before decree; and, secondly, after decree has been entered, to obey any process issued to compel the performance thereof; and, lastly, to appear before the court when so ordered.
Under the new form of bond (and that is the form that was given in this case) it would seem to me that the surety would be liable in the amount of his bond for any failure by the husband to pay alimony pendente lite, or obey any other order. But after the entry of the decree he would only be liable in the event of the principal in the bond rendering it impossible to execute the warrant of commitment, if one should be allowed, to compel compliance with the decree.
When the new form of bond was authorized the situation theretofore to be met was to keep the person complained against within the power of the court, and that was accomplished by making him give security that he would not depart beyond the jurisdiction. In other words, it was intended to *Page 124 
make more certain the fact that the court could exercise its power of punishment if the decree was not obeyed. After decree, the present rule intends that the court shall exercise its regular process to compel performance if the person of whom obedience is demanded disobeys, but remains "amenable * * * to such process as shall be issued to compel the performance of the final decree." Not that the surety shall be penalized. In all fairness, this is all that should be required. I am unable to bring to mind any practice in this court, except under the writ of ne exeat that requires a defendant, or one in the position of defendant, to give security for the performance of a decree which may be made against him. The actor may be required to provide indemnity as a condition for the immediate relief he seeks, but he cannot secure the aid of the court to force an adversary party to do likewise. Of course, defendants may, and frequently do, volunteer to perform some such act which will make some preliminary order, sought against them, unnecessary. So, not only from a reading of the rule itself but from a consideration of the necessities of the case, it is my opinion that, after decree, a bond given to the sheriff, pursuant to the directions of the writ of ne exeat, may not be declared forfeited for failure to pay permanent alimony or counsel fee, where the husband remains amenable to the appropriate writ to enforce such payments.
Although many authorities have been collected by respective counsel, I find none of them that is of much assistance in the case at bar. Ksiazek v. Ksiazek, 89 N.J. Eq. 139, was a case in which Vice-Chancellor Lane was dealing with an application by sureties to surrender their principal and to be discharged, and grew out of a bond conditioned that their principal would not depart the state. In Schreiber v. Schreiber, 85 N.J. Eq. 303,
Vice-Chancellor Stevenson distinctly said that he understood a single point was involved and that was whether or not the simple practice of an order to show cause based upon a petition was an appropriate proceeding in a proper case for declaring a bond forfeited. The court of errors and appeals said that question was not before them in the same case on appeal. 86 N.J. Eq. 437. In *Page 125 Penny v. Penny, 88 N.J. Eq. 160, the decision of Vice-Chancellor Backes was in a case where the petitioner, long after the award of the writ and at final hearing, was unable to prove her petition as it was framed when the bond was given, and then materially amended her cause by substituting the charge of abandonment for that of extreme cruelty. He decided:
"That a material amendment to a cause of action upon which, as amended, the plaintiff relies for judgment, without the consent of the sureties, discharges the sureties, is uniformly laid down in the text-books and the reports of decisions."
All of the other authorities cited on behalf of the petitioner are from other jurisdictions, and I cannot follow them because of inability to be sure that their practice is based upon the same foundation as ours.
I do not consider Wauters v. Van Vorst, 28 N.J. Eq. 103, to be authority in any way favorable to the respondent. There, the chancellor applied the doctrine of mistake, where the condition of the bond was more stringent than was required by the terms of the order directing it to issue.
The only case with which I am familiar that is at all in point with the question to be decided here is the recent opinion by Vice-Chancellor Backes, in Gasteiger v. Gasteiger,136 Atl. Rep. 497. There, the application was upon the defendant's motion to vacate a final decree or suspend its operation, and to set aside a writ of ne exeat, and on an order to show cause, granted to the petitioner, why the defendant should not be adjudged guilty as of a contempt for failing to pay alimony. While the precise point involved here was not presented in the case in hand, the vice-chancellor, after declaring the defendant guilty, said that he would direct a warrant to issue, and then used the following language:
"If he fails to submit to the writ committing him for his contempt, proceedings may then be taken to forfeit the bond which will be breached, according to its condition, upon his failure to render himself amenable to such process as shall be issued to compel the performance of the final decree."
From this language it is apparent that the vice-chancellor *Page 126 
came to the same reading of the condition required by the two hundred and sixteenth rule that I have reached.
While I have indicated my views on the question presented to me and so earnestly argued by counsel, there is a consideration not mentioned in the briefs that renders it out of the question to discharge the order to show cause. It will be recalled that of the $200.16 counsel fees and costs remaining unpaid, $23.12 thereof represent the costs taxed on the application for alimonypendente lite. This being an order made "pending the suit," the surety guaranteed that the defendant would render himself amenable thereto, and his principal having failed in his duty there has been a breach of the condition of the bond and the penal sum of $500 therein mentioned must consequently be deposited with the clerk to be disbursed under orders to be made by the court.