This is an action to set aside a conveyance as in fraud of creditors.
On September 15th, 1926, complainant loaned to Frank M. Merrick and Samuel P. Pfeffer, trading as the Princeton Shop, the sum of $2,400. At that time Merrick and his wife were seized as tenants by the entirety of property in Glen Ridge, New Jersey, known as No. 138 Essex avenue. There were mortgages on the property amounting to $13,500. The note was renewed and the last note was not paid on maturity. On August 24th, 1927, complainant recovered a judgment on the note against Frank M. Merrick. Execution was issued and returned unsatisfied. On March 3d 1927, Merrick and *Page 64 
his wife executed a deed by mesne conveyance to James P. Foster, Mrs. Merrick's father, and herself as joint tenants. The consideration was one dollar.
It is quite plain that complainant was an existing creditor at the time of the conveyance of the land.
"Existing creditors are, as the words imply, persons having subsisting obligations against the debtor at the time the fraudulent alienation was made or the secret trust created, although their claims may not have matured or even been reduced to judgment until after such conveyance. The indebtedness will relate back to its original inception as regards the question constituting the claimant an existing creditor. 27 C.J. 472, citing Lougheed v. Armstrong, 84 N.J. Eq. 49.
"Although there is some conflict of authority, I think the principle is correctly laid down by Chancellor Kent, in Reade
v. Livingston, 3 J.C.R. 500, `that, if the party is indebted at the time of the voluntary settlement, it is presumed to be fraudulent in respect to such debts [that is, those antecedently due], and no circumstance will permit those debts to be affected by the settlement, or repel the legal presumption of fraud.'"Cook v. Johnson, 12 N.J. Eq. 51, 54; Accord, WashingtonNational Bank v. Beatty, 77 N.J. Eq. 252.
Complainant alleges that there is an irrebutable presumption of fraud when a voluntary conveyance is attacked by an existing creditor. This is undoubtedly so, but in this case there was perhaps a consideration. Mr. Foster, Mrs. Merrick's father, paid off two mortgages on the property and $120 interest on one of the mortgages. It is perfectly apparent to me what his motive was in this matter. He says he wanted his daughter to be assured of the property in case of his death. That would have been the case had the property remained in the name of the husband and wife, because they were tenants by the entirety, and in the latter deed she and her father became joint tenants. He desired, I have no doubt, to free this property from any of the husband's debts and to make it safe for his daughter. However laudable this may be from a paternal standpoint, I do not think creditors should thereby be excluded from enforcing their rights.
I believe the conveyance should stand as security for the *Page 65 
consideration actually paid and be declared void as to the residue. I will advise a decree holding the conveyance to James P. Foster and May C. Merrick void. I will direct a resale, allowing James P. Foster a first lien to the extent of the consideration actually paid, the balance to go to the complainant. The resale should be under the supervision of a special master appointed by this court.