This is an action to set aside a conveyance as in fraud of creditors. On September 3d 1929, Regina Heiles signed a note and delivered it to her brother, Alfred, to be given to Jacob Zuckerman in consideration of the assignment of a certain $10,000 mortgage. Jacob Zuckerman sold the note to the complainant. Suit on the note was begun in the New Jersey supreme court. Regina Heiles retained counsel and filed an answer. On a motion to strike out the answer and for summary judgment, affidavits of Regina Heiles and her brother, Alfred, were presented to Chief-Justice Gummere. He ordered the answer stricken out and judgment entered for the sum of $2,310.37. The legality of the note is thus established and no evidence to attack its validity will be considered in this court.
On September 3d 1929 — when the note was made — Regina Heiles was the owner of a property in Long Branch, New Jersey. She conveyed this property to her brother, Alfred. The consideration was one dollar. She admitted in her answer herein, and on examination under an order of discovery, that she had no other property. She thereafter attempted to deny her insolvency. However, she cannot now deny the admissions in her answer. SeeEndicott-Johnson Corp. v. Binder, 101 N.J. Eq. 122.
Therefore the judgment, the existence of the debt on September 3d 1929 — when the conveyance was made — the nominal consideration when the deed was given on September 17th, 1929, and the insolvency of the grantor having all been established, there is an irrebuttable presumption of fraud. The FirstNational Bank of Belleville v. Merrick, 103 N.J. Eq. 63.
Testimony was introduced to show that Harry Zuckerman, son of the original payee, made loans on certain property and verbally promised that Regina Heiles would not have to pay the note. This could not be a legal defense against the payee unless he participated in the alleged arrangement, nor against a holder in due course. There is no proof that either knew anything about the alleged promise. *Page 445 
The note was given by Regina Heiles because she was the owner of the property and Jacob Zuckerman required her to do so. As she held herself out as owner of the property, and contracted the debt as such with the knowledge and by the suggestion of Alfred Heiles, subsequent grantee, he is estopped to deny as against the creditor that she was the owner. Peragallo v. Oneto, 98 N.J. Eq. 74.
Claim is also made that the note was one of accommodation and that the obligation did not become due until after protest.Conway v. Raphel, 101 N.J. Eq. 495, was cited in support of this contention. I decided that case in this court and was sustained by the court of errors and appeals in 102 N.J. Eq. 531.
That case refers to an accommodation endorser and has no bearing on the case at bar. In this case the indebtedness arose when Regina Heiles signed the note. See The First National Bankof Belleville v. Merrick, supra.
Defendant Alfred Heiles claims an allowance for improvements placed on the property. Where a grantee participated in the fraud of the grantor, as Alfred undoubtedy did, he cannot be allowed for such improvements. The City National Bank v. Hamilton,34 N.J. Eq. 158. Conveyance with intent to defraud creditors made to a person taking with notice, is void though a full consideration is paid. Russell Erwin Manufacturing Co. v.Faitoute Hardware Co., 62 Atl. Rep. 421.
I will, therefore, advise a decree setting aside the conveyance and denying any allowance to Alfred Heiles. *Page 446