Parsells Petroleum Products, Incorporated, complain-ant-respondent,

*v.*

Helen G. White et al., defendants-appellants.

[Argued May 21st, 1931. Decided October 19th, 1931.]

On appeal from a decree of the court of chancery advised by Vice-Chancellor Ingersoll, who filed the following opinion:.

"The complainant, on the 28th day of April, 1930, recovered judgment on bond and warrant against the defendant Helen G. White, in the circuit court of Atlantic county, for the sum of $1,980 damages and $12.25 costs, the real debt being $991.78, the deficiency arising at a foreclosure sale. On or about the 30th day of April, 1930, the complainant issued execution against the goods and lands of said Helen C. White, which execution was returned wholly unsatisfied.

"On March 1st, 1930, the said Helen G. White executed a deed purporting to convey certain lands and premises to one Eugene F. White for the stated consideration of $1,000, which deed was duly recorded. On the 4th day of March, 1930, the said Eugene F. White and Nellie E. White, his wife, executed a deed purporting to convey the said lands and premises to the Delaware County Trust Company, a banking corporation of the State of Pennsylvania, for the stated consideration of one dollar, which said deed was duly recorded.

"It is admitted that the Delaware County Trust Company has no interest in the premises except as trustee for the said Eugene F. White.

"The complainant prays that the said conveyance may be set aside as fraudulent.

"This is entirely a factual question, and I am forced to the conclusion that it was fraudulent. The defendant Helen G. White produced her banking record in the Delaware County Trust Company, but failed to produce the records of the bank in which she claims to have deposited the money received from Eugene F. White for said conveyance. I am bound to believe that had she been in possession of such records that she would have produced the same, and her failure to produce that record, it being within her power to submit it to the court, almost inevitably leads to the inference that she did not produce it because she knew that its contents were adverse to her contention, and the mind finds no difficulty, as a matter of reason, in feeling that she knew that the fact is otherwise than she claims it to be; and that upon a full disclosure of all of the circumstances affecting the case, she would not deserve to succeed. *Chamberlain's Hand Book on Evidence,* ¶ *440.* Under these circumstances, I am bound to conclude that the conveyance was fraudulent."

*Mr. John C. Reed,* for the appellants.

*Mr. Albert A. F. McGee,* for the respondent.

PER CURIAM.

The judges being equally divided on the question whether the decree should be reversed, the decree is affirmed solely because of such division, which renders any opinion by the court impossible.

The decree appealed from is affirmed by an equally divided court.

*For affirmance*—PARKER, CAMPBELL, CASE, BODINE, DALY, DONGES, WELLS, JJ. 7.

*For reversal*—THE CHIEF-JUSTICE, TRENCHARD, LLOYD, VAN BUSKIRK, KAYS, HETFIELD, DEAR, JJ. 7.