This is a suit against a grantor and grantee to set aside a conveyance of real estate and a conveyance of proceeds of the *Page 488 
condemnation of part of the premises. The complainant, Joseph Lande Son, Incorporated, was a judgment creditor of Joseph Amico, the grantor at the time of the conveyance. This judgment has since been paid and is no longer an issue. Complainant E.S. Carr Company, a corporation, was not a judgment creditor at the time the bill was filed in this suit, but subsequently entered judgment against the grantor for its claim.
The conveyance in question was made July 23d 1929. The condemnation award was made previously. An appeal was taken from the award and the amount increased to $10,150. This award was assigned on November 29th, 1929.
It seems clear from the testimony that the transfer of the land and of the award rendered defendant Amico and his firm insolvent. Besides the claims of Lande and Carr, there was another judgment of $2,600, and another claim on which judgment was entered in November, 1929, for over $8,000. These debts aggregate approximately $15,000. In addition, defendant Amico asserts he owed $6,000 to the grantee for moneys previously advanced.
Amico and his father, John Amico, were partners under the name of John Amico Son, and the premises in question were used by them in the concrete block business. The only other substantial assets of the partnership or of the partners, individually, were two trucks whose value could not have exceeded $5,000. Disposal of the real estate would therefore render the firm and the individuals insolvent and therefore bring the conveyance within the provisions of the Fraudulent Conveyance act which provides that a conveyance rendering the grantor insolvent is fraudulent as to creditors without regard to actual intent if the conveyance is made without a fair consideration.
From the testimony I am convinced that not only were the deed and assignment of the condemnation award without fair consideration, but that the transaction was a fictitious one with actual intent to defraud.
Defendants claim that Amico already owed defendant Mary Rosiello $6,000 for moneys lent to him from time to *Page 489 
time. She says she bought the premises for $11,300, paying $5,300 in cash, the balance being a cancellation of the existing claim. There are no records or documents to substantiate any of it.
The case is replete with suspicious circumstances. The grantee is an aunt of the grantor. The conveyance was made without any investigation of title by her, and while there were two judgments against the premises. She is chargeable with notice and under all the circumstances it is highly probable that she knew of the other large debts. She did not have a lawyer in the transaction but the deed was drawn by a notary secured by the grantor. She did not retain possession of the deed, nor record it, but it was recorded by the grantor.
No records were produced to show the actuality of the asserted $6,000 indebtedness, nor were records produced to substantiate the claimed cash payment of $5,300. Mary Rosiello says the $5,300 was made up by $300 of her own money, which she took out of a box where she kept it, and the balance by money borrowed by her in cash from three friends. The three friends testified that they lent her money at this time and each one of them in turn testified that the loan was from cash that happened to be on hand. Defendant Amico testified that the $5,300 paid to him was placed by him in a box with the exception of $1,000 which he deposited in his bank. It was shown from the bank records no such deposit was made. Within a few days, and while according to his story he must have had $4,000 in cash, he discounted a small note.
Mary Rosiello's testimony is that when the condemnation proceeding started she wanted her $6,000 back and asked Amico for it. She could, of course, have taken an assignment of the proceeds of the condemnation proceeding, yet her story is that she borrowed and turned over to him an additional $5,000.
I do not believe there was any $5,300 paid by her to him.
A decree will be advised setting aside the conveyance and the assignment as against the complainant Carr. *Page 490