IRVING FISCHER, trustee in bankruptcy of the estate of Santo Cannato, bankrupt, complainant-appellant,

*v.*

JENNIE CANNATO and SANTO CANNATO, bankrupt, defendants-respondents.

[Submitted May term, 1932. Decided October 17th, 1932.]

*Mr. Aaron L. Simon* (*Mr. Samuel B. Feld*), for the complainant-appellant.

*Messrs. Feder & Rinzler,* for the defendants-respondents.

The opinion of the court was delivered by

BODINE, J.

The complainant sought to have set aside a conveyance of real property from husband to wife as in fraud of creditors. The action was prosecuted by leave of the bankruptcy court.

The decree appealed from seems to have been regularly entered and will be reversed.

The evidence discloses that immediately after a judgment was taken the defendant husband transferred to his wife the property in question. He then sought advantage of the Bankruptcy act and is now unable to tell what consideration he received for the property.

The premises were encumbered with mortgages, but there appears to have been a substantial equity which he desired to save from his creditors. The building was and is still occupied by the defendants as their residence. That does not make it exempt from execution. Certain it is that there is no proof in the case of the payment of a fair consideration. At most, there is but the vaguest suggestion of payment and receipt of some indefinite sum of money. The parties are not clear as to the amount, place or time of payment, but are certain that nothing was paid in the lawyer's office when the conveyance was made. They are equally vague as to the source from whence the money came. There can be from the record, as we read it, no doubt that the conveyance rendered the husband insolvent as he himself alleged and that there was no consideration given therefor. Had the bankrupt received a fair consideration for the property he could have named it. His evasion as to the amount, the time and place and the manner of payment seems to us to be cogent evidence that no payment of a fair consideration was made.

The decree will be, therefore, reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, BROGAN, VAN BUSKIRK, KAYS, DEAR, WELLS, KERNEY, JJ. 13.