This matter is before the court on the return of an order to show cause why the Guardian Casualty Insurance Company of Buffalo, New York, which, as surety, joined with the defendant, as principal, in a ne exeat bond, should not pay into court the principal of such bond because of defendant's default in the condition thereof. The order recites that the defendant, Bernard Connolly, is indebted to the petitioner, Mary Connolly, in the sum of $1,056, being a total sum of arrears of periodical payments required to be paid to her by said defendant under an order of this court for support and maintenance of herself and child, to and including the week of March 13th, 1932, and indebted also in the sum of $250 for counsel fees awarded to the petitioner's counsel. The docket-file evinces that a petition for divorce was filed by petitioner December 3d 1928; that the defendant filed an answer and counter-claim on February 15th, 1929, and an amended answer and counter-claim on April 19th, 1929; that a decree nisi was entered September 19th, 1929, providing that the defendant pay to the petitioner the sum of $12 per week for the support and maintenance of herself and child and give adequate security for the prompt payment thereof, and that a final decree was entered December 20th, 1929, which made the decree nisi absolute; the file shows also that contempt proceedings were instituted against the defendant because of his persistent disregard of the payment requirements of the aforesaid decree, resulting in an order by the chancellor for the issue of a warrant for the commitment of the defendant which, though issued, was returned unexecuted because of the inability of the sheriff of the county of Essex to whom same was directed to make service thereof. The proofs show that diligent effort was made to locate said defendant within this state, without success. The neexeat bond is conditioned that if the defendant cause his appearance to be entered in the above entitled suit and continue such appearance by a solicitor of the court, residing in the state, and at all times render himself amenable to the orders and process of the court pending the suit, and to process issued to compel *Page 436 
the performance of the final decree therein, and shall appear before the court, or any officer thereof, when so required by the order of the court, then the obligation thereof to be void, otherwise to remain in full force and virtue. The solicitors for the surety aforesaid urge that because the final decree does not contain a specific provision for payment of a stipulated sum for support and maintenance of the petitioner and child, neither the principal nor surety in said ne exeat bond are liable thereunder; they urge also that the liability of the principal and surety under said bond expired when the final decree was entered. They apparently do not appreciate that upon the entry of the final decree, which made the decree nisi absolute, the provision in the decree nisi for payment of stated weekly sums for the support and maintenance of the petitioner and child continued in effect. It is urged also in behalf of the surety that the procedure by the petitioner herein is insufficient to require said surety to answer for the default of the defendant Connolly which effected a breach of the condition of the bond by payment of the principal of the bond. The rule of law applicable to the matter sub judice is stated in Schreiber v.Schreiber, 85 N.J. Eq. 303; affirmed, 86 N.J. Eq. 437, wherein it was held that while the surety in a ne exeat bond does not stand in the position of bail upon a recognizance to the extent that he may surrender his principal, yet the obligation of the bond being that the party against whom the writ is issued will remain personally amenable to orders and process of the court, payment of the penalty of a defaulted ne exeat bond may be enforced from the surety in the court of chancery by summary proceedings on an order to show cause; and "when a party as surety enters into this peculiar obligation on a ne exeat bond in the court of chancery, he makes himself a party to the suit for all purposes connected with the use to which the bond is put for the purposes of the suit." The language quoted is applicable to a ne exeat bond given under rule 216 of the court of chancery as in the matter sub judice. The solicitors for the surety cite and rely upon the case of Foote v. Foote, 102 N.J. Eq. 291,
as authority for the discharge of the order to show cause *Page 437 
herein. The case is clearly distinguishable because it appears the defendant Foote did not go out of the jurisdiction of the court during the course of the suit and did not fail to appear when his appearance was demanded. The solicitors for the surety in the case sub judice have endeavored to impress the court by affidavits of Patrick F. McDevitt and Matthew J. Connell, filed herein, that the defendant Connolly did not depart the jurisdiction of the court and might have been made amenable to the process of the court. Such affidavits are clearly insufficient for the purpose intended, and being clearly in the nature of hearsay are without probative force. I will advise an order directing the aforesaid surety to forthwith pay to the clerk of the court the principal of the aforesaid ne exeat
bond, to wit, the sum of $2,000, to be applied to the payment of moneys required to be paid to the petitioner under the aforesaid decree upon appropriate orders of the court therefor.