Warren Dixon, Jr., trustee in bankruptcy of Paul W. Eckert, complainant-appellant,

*v.*

Paul W. Eckert and Esther D. Eckert, defendants-respondents.

[Submitted October term, 1934. Decided January 10th, 1935.]

*Mr. Warren Dixon, Jr.,* for the appellant.

*Mr. Aaron Heller,* for the respondents.

The opinion of the court was delivered by

Heher, J.

Complainant appeals from a decree dismissing his bill of complaint. Its object was to set aside, as fraudulent, a conveyance made by defendant Paul W. Eckert, to his wife, Esther D. Eckert, on October 31st, 1932, of his interest in lands theretofore held by them in entirety.

Concededly, there was no consideration for the grant, and it is clear that the grantor was then insolvent. On August 26th, 1931, he embarked on a business venture with another,

and, in connection therewith, incurred the obligation of a lease for a term of three years. The enterprise was not successful, and he and his co-lessee defaulted. On February 23d, 1933, the lessor recovered a judgment against Paul and his associate for $485. On August 23d, 1933, Paul filed a petition in bankruptcy. He scheduled assets of the value of $240, and liabilities totaling $5,868. The latter included the claim of one Wright for $1,400, the balance due under a contract for the construction of a dwelling house on the lands in question, entered into by Paul on October 3d, 1925, and also the unsatisfied judgment. When the conveyance in question was made, he was unquestionably in the straitened financial condition disclosed by the bankruptcy schedules. It therefore appears beyond peradventure that, at the time of the conveyance, Paul was insolvent within the purview of the statute, and he was thereby seeking to place his interest in the lands beyond the reach of his creditors.

But, irrespective of the intent, the conveyance is deemed to be fraudulent as to creditors. Section 4 of the Uniform Fraudulent Conveyance act (*P. L. 1919 p. 500*) provides that a conveyance made by a person who is or will be thereby rendered insolvent is fraudulent as to creditors, without regard to the grantor's actual intent, if it be made without a fair consideration. And a person is insolvent, within the intendment of the act, when the present fair salable value of his assets is less than the amount that will be required to pay his probable liability on his existing debts as they become absolute and matured. Section 2(1).

The claim, made by respondents, that a trust resulted in favor of the wife by reason of the circumstances attending the original conveyance of the lands to her and her husband, is devoid of merit. The evidence, to establish such a trust, must be clear and convincing, and the proofs here do not meet that standard.

Decree reversed, and cause remanded for further proceedings in conformity with this opinion.

*For affirmance*—THE CHIEF-JUSTICE, 1.

*For reversal*—PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, KAYS, HETFIELD, DEAR, JJ. 10.