On September 20th, 1938, the defendant Rose A. Palmer conveyed tracts of land located in the borough of Neptune City, Monmouth county, New Jersey, which are the subject-matter of this suit, to the defendants Charles E. Palmer, her son, and his wife, Bertha. The bill alleges the conveyance was voluntary, without adequate consideration, and fraudulent as against the complainant, a creditor of the grantor.
The defendant Rose purchased cement from the complainant from June, 1935, to September 22d 1938, for which she became indebted to it in the sum of $903.77. It instituted suit against her and on March 30th, 1939, recovered a judgment amounting to $1,071.57 in the New Jersey Supreme Court. *Page 215 
Rose contends that her conveyance to her son, Charles, and Bertha, his wife, was for a valuable and adequate consideration, and was made while she was solvent.
Rose owned parcels of real estate in Neptune City, evidenced by three deeds, namely, Exhibit D-1 for lot 53 on the northwest corner of Prospect street and Neptune avenue; Exhibit D-2 for lots 17 and 18 on the westerly side of Hawthorne avenue; andExhibit D-3 for lot 2 which lies north of Rose's home. These properties were appraised at $2,900 by her witness, Epstein.
The complainant produced a witness, Reid, a realtor, who appraised the property mentioned in the three deeds at $1,650. Those properties, as of September 20th, 1938, were encumbered by unpaid taxes in the sum of approximately $675.
Rose admitted that a judgment of $1,100 had been entered of record against her "in Trenton" (Exhibit C-5). In supplementary proceedings held before a Supreme Court commissioner on May 18th, 1939, she testified as follows (Exhibit C-5):
"Q. Do you own any real estate at the present time? A. No. The borough took it for taxes. Q. What property was that? A. On Hawthorne avenue. Q. Who owns it? A. The borough. Q. Did you have any property in September, 1938, in your name? A. No.Q. No property? A. No. Q. Are you sure of that? Just think, Mrs. Palmer, on September 20th, 1938, didn't you convey property to your son and his wife? A. I only turned the deed to him. He asked me for the deed and I gave it to him, so that he could get a loan. Q. Do you still own that property? A. No. Q. It is in his name? A. Yes. * * * Q. Do you own any personal property at the present time? A. Clothes. Q. Referring to September 20th, 1938, what did you own in your name at that time when you conveyed the property to your son? A. No more than I have now. Q. And that is what? A. Nothing. Q. Do you have any other judgments against yourself at the present time? A. One in Trenton, for $1,100."
Rose said that she was indebted to her son, the defendant Charles, for cash advanced to her over a period of time — particularly during the illness of her husband, Charles H. *Page 216 
Palmer, who died in the year 1935. The evidence as to the cash transactions between Rose and her son, Charles, is by no means clear or certain; it is rather vague. Of some significance is the fact that Charles, the grantee in the deed from his mother and a defendant in this suit, did not testify in these proceedings. Rose was called as a witness by the complainant. Kaplan v.Heiles, 107 N.J. Eq. 443; 152 Atl. Rep. 855; Hull v. Angster,107 N.J. Eq. 454; 153 Atl. Rep. 93; Parsells Petroleum Products,Inc., v. White, 109 N.J. Eq. 364; 156 Atl. Rep. 832.
I believe when Rose conveyed the property to her son, Charles, she thereby became insolvent. The transfer, I am satisfied, was made for the purpose of avoiding the claims of complainant and others. In a situation between relatives, such as appears to exist in the instant case, the courts closely scrutinize their transactions. The testimony of Rose was not convincing. Her son, Charles, the defendant grantee, failed to avail himself of the opportunity of testifying to the circumstances surrounding the transaction of the questioned conveyance. That failure, unexplained, leads to unfavorable inferences. Levy v.D'Alesandro, 14 N.J. Mis. R. 449; 185 Atl. Rep. 543; Dixon v.Eckert, 117 N.J. Eq. 544; 176 Atl. Rep. 560; Fischer v.Cannato, 111 N.J. Eq. 345; 162 Atl. Rep. 529; Joseph Lande Son, Inc., v. Amico, 109 N.J. Eq. 487; 158 Atl. Rep. 328;Conway v. Raphel, 102 N.J. Eq. 531; 141 Atl. Rep. 804;Gnichtel v. Jewell, 59 N.J. Eq. 651; 44 Atl. Rep. 1099.
 Revised Statutes of New Jersey of 1937, title 25, chapter 2,section 10, reads as follows:
"What constitutes insolvency fraudulent. Every conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual intent if the conveyance is made or the obligation is incurred without a fair consideration."
In The Franklin National Bank of Jersey City v. Freile,117 N.J. Eq. 405; 176 Atl. Rep. 167, the court laid down the principle that where a conveyance is questioned as fraudulent, the burden of proving its legality is upon the grantee. *Page 217 
The Court of Errors and Appeals in a per curiam opinion, in sustaining Vice-Chancellor Fielder, said:
"`The burden of proving, when attacked as fraudulent, the consideration of a deed, where no consideration was paid at the time of the conveyance, is upon the grantee.'"
The case of Green v. Carroll, 116 N.J. Eq. 1;172 Atl. Rep. 202, expresses the fundamental principles of law applying to the facts herein.
Complainant is entitled to the relief prayed for.