**In the Matter of DEVAULL'S INC., a Corporation of the State of New Jersey, Bankrupt,**

**Harry W. Kellum and Mira O. Kellum, Appellants.**

**No. 13006.**

United States Court of Appeals Third Circuit.

Argued Jan. 19, 1960.

Decided Feb. 19, 1960.

Frank E. Vittori, Camden, N. J. (John H. Reiners, Jr., Camden, N. J., for and: of counsel with appellants.

Maurice L. Praissman, Camden, N. J., for appellee.

Before GOODRICH, McLAUGHLIN and KALODNER, Circuit Judges.

KALODNER, Circuit Judge.

This is an appeal from an Order in bankruptcy in which the District Court affirmed the finding of the Referee that a corporate chattel mortgage was partially invalid in that one of four notes which constituted the underlying obligation for the mortgage was paid and another was given without consideration.

The facts are as follows:

In 1950 Harry W. Kellum and his wife, Mira O. Kellum, formed Devaull's Inc., the bankrupt corporation, with a paid-in capital of $40,000. They continued operation of the business until January 4, 1956, at which time they divested themselves of their stock ownership to William Molineaux. On the same day, in their capacity as officers of Devaull's Inc., the Kellums executed a corporate chattel

mortgage to themselves as individuals in the sum of $20,000 payable with interest in weekly installments of $100. The chattel mortgage was recorded on January 10, 1956 in the Register of Deeds Office of Camden County, New Jersey.

Harry W. Kellum served as vice-president and secretary of Devaull's Inc. until August 12, 1957 when he resigned because of his adverse interest to the corporation as one of its mortgagees, and the financial condition of the corporation. Shortly thereafter, on September 26, 1957 a petition in bankruptcy was filed. At the time of the bankruptcy $7,700 had been paid to the Kellums and they filed a claim of $12,300 for the unpaid balance of their chattel mortgage.

The trustee in bankruptcy attacked the validity of the chattel mortgage on several scores—among them failure of consideration.

The testimony adduced before the bankruptcy referee by the Kellums sought to establish that the $20,000 note and accompanying chattel mortgage of January 4, 1956 were executed in consideration of their cancellation of four outstanding notes 'given to them by Devaull's Inc., as follows:

| | |
|---|---|
| 10/31/50 | $5,500.00 |
| 7/ 9/54 | 2,500.00 |
| 6/30/55 | 6,000.00 |
| 1/ 4/56 | 6,000.00 |

The Referee, following the taking of extensive testimony at several hearings, found that the note dated October 31, 1950, in the amount of $5,500 had been paid, and, that the note dated June 30, 1955, in the amount of $6,000, had been given without consideration and that its execution had not been authorized by the officers of the corporation.

With respect to the $5,500 note the Referee found:

"This was the only note issued pursuant to any loan by Kellum up to the meeting for the year ending 1952, and I find that Kellum 'reported as of May 1, 1952 the corporation had paid off a note to Harry W. Kellum in the amount of $2,500 and

dated October 31, 1950.' Kellum was the principal stockholder together with his wife, and he knew of no other note or loan on October 31, 1950 except the $5,500 loan. I am satisfied that the obligation was discharged by the corporation. The mortgagees were careful to have the minutes reflect the dealings of the corporation with themselves and they cannot use the minutes only when it serves their purpose, and disregard them when the facts contained therein are to their disadvantage."

On the score of the $6,000 note, dated June 30, 1955, the Referee found:

"The next note for $6000. dated June 30, 1955, payable on demand to 'Harry W. Kellum and Mira O. Kellum, tenants in the entireties' was executed without any authority by the officers of the corporation. The first recognition by the shareholders and directors of the existence of such an obligation was on January 4, 1956, when it was incorporated into the $20,000. note then executed. The note was to Harry Kellum and Mira Kellum, without any proof of loan by them to the corporation, nor even for services rendered. In passing, on the question of payment for services, the pattern is well established from the minutes and financial records, that the Kellums exhausted all profits either by way of dividends, bonuses, or salaries each year and the figure so arrived at was of necessity greatly influenced by the estimated figures for inventory. It is significant that the figure of $6000. for June 30, 1955 together with the other two notes and the allowance on January 4, 1956 of $6000. for 'services rendered of an unusual nature in connection with the sale of the corporate property and for other services other than those normal and incidental to his capacity as director and officer of the corporation,' would equal accounting wise the net worth of the corporation, provided the in-

ventory was really worth the sum at which it was carried on the books.

\* \* \*

' "\* \* \* I find that the obligation of $6000. attempted to be created as of June 30, 1955 is without any basis or foundation of consideration. No authority for the creation of such indebtedness was established by corporation resolution nor has there been any proof to demonstrate that the mortgagees gave any consideration to the corporation for the execution of the note. Furthermore, the Bankruptcy Court sits as a court of equity. I find that the dealings of the Kellums with the corporation were without regard to the rights of creditors. They could adjust the figures to suit their own convenience.

\* \* \* "

As to the first note, Harry Kellum, at the hearings before the Referee, was unable to offer any explanation of the entry on the November 1, 1952 minutes of the corporation that he had then "reported that as of May 1, 1952 the Corporation has paid off a note due to Harry W. Kellum in the amount of *$2,500.00* and dated October 31, 1950". (emphasis supplied) Kellum testified in substance that the only note given to him by the corporation between October 31, 1950 and November 1, 1952, when the minutes reflected payment of a *$2,500* note dated October 31, 1950 on May 1, 1952, was the $5,500 note dated October 31, 1950. John Henry Reiners, Jr., counsel for the Kellums and the bankrupt corporation, also testified that the corporate records or minutes did not reflect the execution by the corporation to the Kellums of any note, other than the $5,500 note of October 31, 1950, between the date of that note and November 1, 1952, when the corporation's minutes reported the payment of a *$2,-500* note to Harry Kellum "dated October 31, 1955".

Under the circumstances stated we cannot find "clearly erroneous" the Referee's fact finding that the note of October 31, 1950 in the amount of $5,500 had been paid by the bankrupt corporation in May, 1952, or that the District Court's affirmance of the Referee's fact finding in this respect was "clearly erroneous".

As to the Referee's and District Court's fact findings that the $6,000 note of June 30, 1955 "was executed without authority by the officers of the corporation" and was "without any basis or foundation of consideration", we cannot say, on review of the record, that they are "clearly erroneous". Assuming, as the Kellums contend, that there was subsequent ratification by the corporation of the execution of this note by virtue of its inclusion in the $20,000 note of January 4, 1956, which was the basis of the chattel mortgage, there still remains the fact that it was issued without consideration, and is therefore invalid. The fact that the Kellums included this $6,000 note as "income" in their federal tax returns is irrelevant.

■ Under settled New Jersey law a note is invalid as to subsequent creditors to the extent that it is not supported by consideration.[1] Accordingly, the Referee and the District Court correctly held that the $20,000 note supporting the chattel mortgage was invalid to the extent that it was based on the $6,000 note of June 30, 1955. Similarly, the Referee and District Court correctly held that the $20,-000 note supporting the chattel mortgage was invalid to the extent that it was based on the $5,500 note of October 31, 1950 which had been paid.

For the reasons stated the District Court's "Order Affirming Referee's Determination of the Claim of Harry W. Kellum and Mira O. Kellum" will be affirmed.

1. See First National Bank of Belleville v. Merrick, Ch.1928, 103 N.J.Eq. 63, 142 A. 243; Coley v. Coley, Ch.1862, 14 N.J.Eq. 350.