105 N.J. Super. 420 (1969)
252 A.2d 738
RITA G. COURSEN, PLAINTIFF-RESPONDENT,
v.
ERIC B. COURSEN, DEFENDANT, EMERSON L. DARNELL, EXECUTOR OF THE ESTATE OF ALFRED E. DARNELL, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued March 17, 1969.
Decided May 5, 1969.
*421 Before Judges CONFORD, KILKENNY and LEONARD.
Mr. Joseph Polino argued the cause for appellant (Mr. Emerson L. Darnell, attorney, pro se).
Mr. Henry J. Daaleman argued the cause for respondent.
The opinion of the court was delivered by CONFORD, S.J.A.D.
The surety on the ne exeat bond raises two principal issues on appeal. First, it was error for the trial court to refuse to discharge the bond and to order its forfeiture. Second, the court erred in ordering the penal sum to be paid to plaintiff wife in the matrimonial proceeding for application against arrearages of alimony due from defendant husband.
*422 Since at the time of the determinations by the trial court now under appeal the husband was an absconding absentee from the jurisdiction, it was clearly proper for the court to refuse to discharge the bond. Insofar as the surety relies on the fact that on two earlier occasions, in 1964 and 1965, the husband was in court, and amenable to its jurisdiction, and argues that the court should then, on pending applications toward that end, have discharged him from the bond obligation, there are two answers. Most important, no appeal was taken from the refusals of discharge on the earlier occasions, and this court will not now undertake a belated review of those decisions. It would be inappropriate now to discharge the bond, the condition thereof being in a present state of default. See Schreiber v. Schreiber, 86 N.J. Eq. 437, 438 (E. & A. 1916). Second, the matter of discharge of the surety on a ne exeat bond rests in the sound discretion of the court. Ksiazek v. Ksiazek, 89 N.J. Eq. 139 (Ch. 1918). Were we now to review the prior refusals to discharge, we cannot say on what is now before us that those determinations necessarily constituted a mistaken exercise of discretion.
The surety also contends he was denied due process when, in the earlier phases of the litigation, he was not notified of pending contempt proceedings against the husband. The argument is not supported by Foote v. Foote, 102 N.J. Eq. 291 (E. & A. 1928), on which surety relies, and we regard it as without merit. Again, this complaint should have been raised by timely appeal.
The surety's main ground of appeal is that the court had no authority to apply the bond proceeds to the relief of plaintiff in respect of alimony arrearages. He contends plaintiff should at most be awarded such damages as she can establish to have proximately resulted from the husband's present nonamenability to court process. This, he contends, would be nil because the husband is a proven ne'er-do-well, from whom no money could be extracted even were he before the court. No New Jersey decision has ever supported *423 such a rule in a ne exeat case. It is well established that on default the entire penal sum can be ordered paid into court. See Schreiber v. Schreiber, supra. Further, the propriety of awarding the plaintiff relief on arrearages out of the defaulted bond proceeds has been squarely adjudicated by the Court of Errors and Appeals (without any mention of the need to show special damage in any other sense) in Connolly v. Guardian Casualty Ins. Comp., 115 N.J. Eq. 74 (1934), affirming, per curiam, the Chancery decision in Connolly v. Connolly, 112 N.J. Eq. 434 (1933). The same view was previously intimated in Vahjen v. Vahjen, 105 N.J. Eq. 271, 274 (Ch. 1929), affirmed, per curiam, 107 N.J. Eq. 186 (E. & A. 1930). See also Elliott v. Elliott, 36 A. 951, 953 (Ch. 1897).
We find no merit in the remaining contentions of the appellant.
Judgment affirmed.