## EDWARD E. PETER, PLAINTIFF-APPELLANT, v. FREDERICK W. PETER, DEFENDANT.

Argued May term, 1933—Decided December 19, 1933.

Before BROGAN, CHIEF JUSTICE, and Justices TRENCHARD and HEHER.

For the plaintiff-appellant, *Thomas D. Begley (Aaron V. Dawes,* of counsel).

For the petitioner Burlington City Loan and Trust Company, in liquidation, *Palmer & Powell.*

PER CURIAM.

This is an appeal from a judgment of the Burlington County Court of Common Pleas setting aside a judgment confessed in said court by Frederick W. Peter in favor of Edward E. Peter, his brother, on the petition of the Burlington City Loan and Trust Company by William H. Kelly, the commissioner of banking and insurance of the State of New Jersey.

The facts are that the petitioner, the commissioner of banking and insurance, took over, and is engaged in liquidating, the said Burlington City Loan and Trust Company; that it recovered judgment against Frederick W. Peter on his promissory note dated December 10th, 1931, in the sum of $10,000; that on August 5th, after the commencement of suit by the bank against Frederick W. Peter, he, the alleged

debtor, made and executed his bond with warrant of attorney to enter judgment in favor of his brother, Edward, in the sum of $15,283.44; judgment was entered in favor of Edward E. Peter on said bond, who made the required affidavit that the said sum was due and owing and that the judgment was not entered with any fraudulent intent or for the purpose of protecting the property of the debtor from his other creditors, and execution was immediately issued.

Now the petitioner claims that the said judgment was entered for the purpose of preventing the bank from recovering the amount of its debt, by causing a prior judgment to be entered, so that the property of the debtor would be sold before any action could be taken under the bank's judgment and prayed that the judgment in favor of the debtor's brother, Edward E. Peter, be canceled of record as having been entered to serve a fraudulent purpose in violation of the statute. A rule to show cause was allowed and the court, after hearing the testimony, concluded "that the bond with warrant to confess was given with fraudulent intent and purpose to protect the property" of the debtor from his other creditors.

Edward E. Peter appeals from this judgment which set aside the judgment in his favor, and urges four grounds for reversal; that the judgment of the court was erroneous because the evidence was insufficient to support the judgment; that the petition should have been dismissed at the end of the petitioner's case or at the end of the whole case; that the appellant here should have been given judgment in his favor by the court below.

We deem it necessary to briefly review the testimony which, to us, seems to be in essence, factual, the issue being: Did the debtor give his brother the bond and warrant of attorney with the fraudulent purpose of protecting the debtor's property from his other creditors?

Frederick W. Peter, unquestionably, was in a bad state financially. He had been a director of the bank and the bank held his note without the security of endorsement or any collateral. Immediately prior to its due date, in March, 1932, his brother, Edward, paid off $500 on account of the obliga-

tion and the note was extended to May 1st, 1932. Effort was made to settle the bank's claim on a twenty-five per cent. basis and later on a fifty per cent. basis which offers were rejected by the bank. The debtor owed money to others and gave to the Mechanics National Bank of Burlington, to which he was indebted, a second mortgage on some property that he owned, as collateral, doubtless to prevent suit. It was after the Burlington City Loan and Trust Company had begun its suit that he gave his brother, Edward, the bond and warrant of attorney. It is not disputed but that he owed his brother, Edward, this money and that by far the major part of this particular debt was incurred prior to his obligation to the Burlington City Loan and Trust Company. His bond to his brother, Edward, in the amount of $15,283.44, was payable one day after date. Edward E. Peter admits that he knew nothing at the time about the bond being made in his favor until it had been done, but whether he knew it or not and whether he realized or not that his brother, Frederick, was deliberately preferring him is immaterial. The fact that Edward paid off $500 on account of his brother's indebtedness to the bank and that he negotiated with the bank endeavoring to effect the settlement of his brother's indebtedness is likewise immaterial. This conduct on his part is not strained but, on the contrary, is natural, considering the parties were brothers.

It is manifest that Frederick was insolvent during this period and that the judgment in favor of his brother rendered him hopelessly insolvent. That, too, is immaterial. Every obligation paid off by anyone renders one less solvent than before he paid it. He was within his rights in preferring one creditor to another. Counsel for the bank, in his brief, does not point to a single incident in the record that spells fraud on the part of either Frederick or Edward Peter.

This conveyance made, or bond given, by Frederick to his brother was to discharge, in whole or in part, an antecedent debt and even though Edward knew that his brother, Frederick, was thereby defeating other creditors, this preference will not be vitiated so long as Edward did not participate by

reserving the debtor's property in favor of the debtor. There is no evidence whatever to connect Edward E. Peter with any such plan. See *Atlantic Refining Co.* v. *Stokes,* 77 *N. J. Eq.* 119; 75 *Atl. Rep.* 445; *affirmed,* 78 *N. J. Eq.* 301; 81 *Atl. Rep.* 1132.

The rule is well stated in 20 *Cyc.* 472:

"The reasons that have been assigned for the distinction between one who purchases for a present consideration and one who purchased in satisfaction of a pre-existing debt are sound and unassailable. The former is in every sense a volunteer. He has nothing at stake—no self-interests to serve. He may, with perfect safety, keep out of the transaction. Having no motive of interest prompting him to enter it, if yet he does it, knowing the fraudulent purpose of the grantor, the law, very properly, says that he enters it for the purpose of aiding that fraudulent purpose. Not so with him who takes the property in satisfaction of a pre-existing indebtedness. He has an interest to serve. He can keep out of the transaction only at the risk of losing his claim. The law throws upon him no duty of protecting other creditors. He has the same right to accept a voluntary preference that he has to obtain a preference by superior diligence. He may know the fraudulent purpose of the grantor, but the law sees that he has a purpose of his own to serve, and if he goes no further than is necessary to serve that purpose, the law will not charge him with fraud by reason of such knowledge." Also *Eschmann* v. *Lord,* 92 *N. J. Eq.* 382; 112 *Atl. Rep.* 488; 27 *C. J.* § 388.

It is not contended that the amount of the judgment in favor of Edward E. Peter is in excess of the amount due him. The mere assertion by the petitioner below of fraud is not sufficient to taint this transaction and while dealings of this character between near relatives or close friends are, in the nature of things, to be regarded with suspicion, yet suspicions without proof do not constitute fraud nor can fraud be inferred, without facts in evidence to justify that conclusion. *Taylor* v. *Wands,* 55 *N. J. Eq.* 491; 37 *Atl. Rep.* 315. Whatever facts were proved in the court below, while they may have excited suspicion, they fell short, in our judgment, of estab-

lishing the claim of the petitioner, that the transaction was accomplished for the benefit of Frederick instead of for the benefit of the creditor whom he preferred.

The judgment appealed from is therefore reversed, but without costs.