This is a suit by a judgment creditor to set aside a judgment and execution and sale thereunder of property owned by the judgment debtor. It is alleged that the judgment debtor, Samuel Kessler, fraudulently and in collusion with his father, David Kessler, arranged for his father to enter judgment against him on a fictitious claim, so as to prevent collection of the claim of complainant, who shortly afterwards himself obtained a judgment against Samuel Kessler.
The undisputed facts are that Samuel Kessler was and had been engaged in the trucking business, operating a considerable fleet of trucks from a building owned by his father, David Kessler. Plaintiff was injured by one of these trucks and brought a negligence action which resulted in a judgment in his favor January 27th, 1932, in the sum of approximately $5,000. While this action was pending and on October 31st, 1931, David Kessler entered a default judgment against Samuel Kessler for approximately $9,000. On the latter judgment execution was issued and the assets of the trucking business were bought in by David Kessler on execution sale for the sum of $2,500. David Kessler shortly thereafter organized a corporation known as the Kessler Trucking Company which proceeded to conduct a trucking business.
It is contended by complainant that the judgment obtained by David Kessler was fraudulent in that it represented a fictitious claim only and that it was a device to defraud complainant. Before this suit was instituted, an examination was had of Samuel Kessler, of David Kessler, who has since died, and of a certain Helen Margolies, who was the bookkeeper for Samuel Kessler while he was operating the business *Page 102 
and later was bookkeeper and secretary of the Kessler corporation. At the hearing before me Samuel Kessler and Miss Margolies testified, and certain discrepancies were pointed out between their testimony in the examination and that before me. Other somewhat suspicious circumstances were also developed, chiefly the relationship of the two Kesslers, the default judgment against him while the negligence suit was pending and the fact that soon after the organization of the Kessler corporation Samuel Kessler turned up as its employe and in substantial direction of its affairs.
However, at least plausible explanations are given of these circumstances. The version of defendants is in substance as follows: Samuel Kessler for several years prior to the transactions complained of had been using in his business a building owned by his father and had fallen behind in his rent which had been paid only at a few irregular intervals. This seems to be at least in part corroborated by the fact that a few checks for rent were produced. In addition, it was testified that David Kessler had for a considerable time prior to the entry of the judgments lent to his son various sums which were turned over to him in cash. The bank books of David Kessler were produced showing withdrawals for cash in considerable amounts at various times. David Kessler could not read or write English. The testimony was that about a year prior to the judgments an account was stated between the father and son, and the son thereupon executed notes to his father therefor. There was some testimony to the effect that the father pressed the son for payment; that there was a quarrel between them over the non-payment of the notes, and that the father thereupon brought suit and took judgment. There was no evidence that the father knew of the pendency of the negligence action against the son. The son testified that he did not expect any judgment against him because he had been insured and considered that the insurance company would take care of it, but that the insurance company became insolvent; that finally and to his surprise a personal judgment against him was entered. It was testified the father took over the business and organized the corporation in an effort to salvage what he could, and being wholly ignorant *Page 103 
of the trucking business, he employed his son as manager at a salary of $40 a week.
I cannot find that there has been the clear proof of fraud which the law requires to void the judgment and execution taken by David Kessler. Fraud is never presumed but must be clearly shown. Conway v. Raphel, 101 N.J. Eq. 495; affirmed, 102 N.J. Eq. 531. Horton v. Bamford, 79 N.J. Eq. 356, in which it was in addition held that the alleged fraudulent judgment creditor must himself be shown to be a participant in the fraud with knowledge of the fraud. A recent case to the same effect isPeter v. Peter, 12 N.J. Mis. R. 58; 169 Atl. Rep. 549.
A decree will be advised dismissing the bill.